Order Filed on
**06/10/2010**
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen (KR 4963)
Paul Kizel (PK 4176)
Jeffrey D. Prol (JP 7454)
Suzanne Iazzetta (SI 2116)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

Proposed Counsel to Debtors
and Debtors in Possession

In re:

THE NEWARK GROUP, INC., et al.

Debtors.

Chapter 11

Case No. 10-27694(NLW)

Joint Administration Requested

**INTERIM ORDER (A) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING AND GRANT SECURITY INTERESTS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS PURSUANT TO 11 U.S.C. §§ 105, 364(c) AND (d); (B) MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362; (C) AUTHORIZING DEBTORS TO ENTER INTO DIP ABL AGREEMENTS WITH WELLS FARGO BANK, N.A., AS AGENT; (D) AUTHORIZING DEBTORS TO ENTER INTO DIP TERM LOAN AGREEMENTS WITH ORIX FINANCE CORP., AS AGENT; (E) AUTHORIZING REPAYMENT OF PRE-PETITION SECURED DEBT OWING TO WELLS FARGO BANK, N.A., AS SUCCESSOR BY MERGER TO WACHOVIA BANK, N.A., AS EXISTING ABL AGENT; (F) AUTHORIZING REPAYMENT OF PRE-PETITION SECURED DEBT OWING TO WELLS FARGO BANK, N.A., AS SUCCESSOR BY MERGER TO WACHOVIA BANK, N.A., AS EXISTING TERM LOAN AGENT FOR PRE-PETITION TERM LOAN LENDERS; AND (G) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

The relief set forth on the following pages, numbered two (2) through _____ (__), is

hereby **ORDERED**

**DATED: 06/10/2010**

Honorable Novalyn L. Winfield
United States Bankruptcy Judge

Page:           2
Debtor:         THE NEWARK GROUP, INC.
Case No:        10-27694(NLW)
Caption:        Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
                Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
                364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
                Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
                Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
                Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
                N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
                Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
                merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
                Hearing Pursuant to Bankruptcy Rule 4001

Upon the motion (the "***Motion***"), dated June 9, 2010, of The Newark Group, Inc.,

("***Debtor Borrower***"), and NP Cogen, Inc. ("***Cogen***", "***Debtor Guarantor***"), each as a Debtor

and Debtor-in-Possession in the above-captioned Chapter 11 cases (collectively, the "***Cases***"),

pursuant to Sections 105, 361, 362, 363, 364(c)(1), 364(c)(2) and 364(d) of Title 11 of the

United States Code, 11 U.S.C. §§ 101, et seq. (the "***Bankruptcy Code***") and Rules 2002, 4001(b)

and (c), and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"),

seeking, among other things:

(1)     authorization pursuant to Sections 364(c)(2) and 364(c)(3) of the

Bankruptcy Code for Debtor Borrower and Non-Debtor Borrower (as defined below) to obtain

post-petition loans, advances and other financial accommodations on an interim basis for the

period through and including the date of the Final Hearing (as defined below) from Wells Fargo

Bank, National Association, ("Wells Fargo"), in its capacity as administrative and collateral

agent (in such capacity, "***DIP ABL Agent***"), acting for itself and on behalf of the other financial

institutions from time to time party to the DIP ABL Loan Agreement (as defined below) as

lenders (collectively with DIP ABL Agent, the "***DIP ABL Lenders***") in accordance with all of

the lending formulae, sublimits, terms and conditions set forth in the DIP ABL Loan Agreement,

and in accordance with this Order, secured by security interests in and liens upon all of the DIP

ABL Collateral (as defined below);

(2)     authorization for Debtor Borrower and Debtor Guarantor

(collectively, the "***Debtors***") to enter into the Amended and Restated Loan and Security

Agreement, dated of even date herewith, by and among Debtors, Non- Debtor Borrower, DIP

ABL Agent and DIP ABL Lenders (the "***DIP ABL Loan Agreement***," a copy of which is

Page:       3
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
Hearing Pursuant to Bankruptcy Rule 4001

annexed to the Exhibit Supplement (as defined below) hereto as <u>Exhibit A-1</u> and is incorporated

herein), which amends and restates the Existing ABL Loan Agreement (as defined below) and

the other Existing ABL Financing Agreements (as defined below), together with the other DIP

Financing Agreements (as defined below);

(3)    the grant to DIP ABL Agent, for the benefit of itself, the other DIP

ABL Lenders and the other Secured Parties (as defined in the DIP ABL Loan Agreement) of

certain priority liens and security interests, pursuant to Sections 364(c)(1), 364(c)(2), and

364(c)(3) of the Bankruptcy Code, in and upon the Collateral (as defined in the DIP ABL Loan

Agreement), the Intercreditor Agreement (as defined below) and this Order;

(4)    the grant to DIP ABL Agent, for the benefit of itself and the other

DIP ABL Lenders, of superpriority administrative claim status pursuant to Section 364(c)(1) of

the Bankruptcy Code in respect of all DIP ABL Obligations (as defined below);

(5)    authorization pursuant to Sections 364(c)(2), 364(c)(3) and 364(d)

of the Bankruptcy Code for Debtors to obtain post-petition term loans on an interim basis from

ORIX Finance Corp., in its capacity as administrative and collateral agent ("DIP TL Agent"),

acting for itself and on behalf of the other financial institutions from time to time party to the

DIP TL Agreement (as defined below) as lenders (collectively with DIP TL Agent, the "DIP TL

Lenders") in accordance with the terms and conditions set forth in the DIP TL Agreement and in

accordance with this Order, secured by security interests in liens and upon all of the TL

Collateral (as defined below);

(6)    authorization for Debtors to enter into the DIP TL Agreement, a

copy of which is annexed to the Exhibit Supplement hereto as <u>Exhibit B-1</u> and is incorporated

Page:        4
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

herein by reference, and to execute and deliver (and cause the non-Debtor subsidiaries to execute

and deliver to the extent necessary) the other Financing Agreements (as defined in the DIP TL

Agreement) (herein, the "DIP TL Documents");

(7)      the grant to the DIP TL Agent, for the benefit of itself and the DIP

TL Lenders, pursuant to Sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code,

certain priority liens and security interests in and upon the Collateral (as defined below) as set

forth in the DIP TL Agreement, the Intercreditor Agreement, and this Order;

(8)      the grant to the DIP TL Agent, for the benefit of itself and the DIP

TL Lenders, pursuant to Sections 364(d) of the Bankruptcy Code, first priority liens and security

interests in and upon the DIP TL Priority Collateral (as defined below) subject only to the

Permitted Term Loan Encumbrances (as defined below) constituting Permitted Liens (as defined

in the DIP TL Agreement);

(9)      the grant to DIP TL Agent, for the benefit of itself and the other

DIP TL Lenders, of superpriority administrative claim status pursuant to Section 364(c)(1) of the

Bankruptcy Code in respect of all DIP TL Obligations (as defined below);

(10)     modification of the automatic stay to the extent hereinafter set

forth;

(11)     authority for Debtor Borrower, Non-Debtor Borrower and Debtor

Guarantor to pay all amounts owing, or asserted to be owing, from Debtor Borrower, Non-

Debtor Borrower and Debtor Guarantor to the Existing ABL Agent (as defined below) and

Existing ABL Lenders (as defined below), under the Existing ABL Loan Agreement (as defined

below) and the other Existing ABL Financing Agreements as fully secured pre-petition claims,

Page:        5
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001

subject to such terms and conditions as set forth below;

(12)     authority for Debtor Borrower, Non-Debtor Borrower and Debtor Guarantor to pay all amounts owing, or asserted to be owing from Debtor Borrower, and Debtor Guarantor to the Pre-Petition Term Loan Agent (as defined below), and each of the Pre-Petition Term Loan Lenders (as defined below), under the Pre-Petition Term Loan Agreements (as defined below) as fully secured pre-petition claims, subject to such terms and conditions as set forth below; and

(13)     the setting of a Final Hearing on the Motion.

It appearing that due and appropriate notice of the Motion, the relief requested therein, and the Interim hearing on the Motion (the "**Interim Hearing**") (collectively, the "**Notice**") having been served by the Debtors in accordance with Rule 4001(c) on the following parties or their counsel (i) the DIP ABL Agent, (ii) the DIP ABL Lenders, (iii) the DIP TL Agent, (iv) the DIP TL Lenders, (v) the Pre-Petition Term Loan Agent, (vi) the United States Trustee for the District of New Jersey (the "*U.S. Trustee*"), (vii) the holders of the twenty (20) largest unsecured claims against each of the Debtors' estates on a consolidated basis (the "*20 Largest Unsecured Creditors*"), (viii) The Bank of New York, as Indenture Trustee (the "Pre-Petition Indenture Trustee") for the holders of the Debtors' Senior Subordinated Notes, (ix) counsel to the Coalition of Prepetition Purchasers (as defined below), (x) the Internal Revenue Service, (xi) Wells Fargo Bank, National Association, as successor by merger to Wachovia Bank, National Association and PNC Bank (collectively, the "*Blocked Account Banks*"),  (xii) all appropriate state taxing authorities, (xiii) all landlords, owners, consignees, and/or operators of premises at which Debtors' inventory and/ or equipment is located, (xiv) each other known holder of a lien or claim

*Approved by Judge Novalyn L. Winfield June  10, 2010*

Page:        6
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

against the DIP TL Priority Collateral (as defined below), and (xv) certain other parties identified

in the certificate of service filed with the Court, including, without limitation, all creditors who

have filed or recorded pre-petition liens or security interests against any of the Debtors' assets

(collectively, the "**Noticed Parties**").

Upon the record made by the Debtors at the Interim Hearing, including the Motion, and

the filings and pleadings in the Cases, and good and sufficient cause appearing therefor;

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT

AND CONCLUSIONS OF LAW:

A.    Petition.  On June 9, 2010 (the "**Petition Date**"), each Debtor filed a

voluntary petition (the "**Petition**") under Chapter 11 of the Bankruptcy Code.  The Debtors

continue to operate their businesses and manage their properties as debtors-in-possession

pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

B.    Jurisdiction and Venue.  The Court has jurisdiction of this proceeding and

the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  The Motion

is a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(A), (D) and (M).  Venue of the Cases

and the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    Notice.  Under the circumstances, the Notice given by the Debtors of the

Motion, the Interim Hearing and the relief granted under this Order constitutes due and sufficient

notice thereof and complies with Bankruptcy Rule 4001(c).

D.    Debtors' Acknowledgments and Agreements.  The Debtors admit,

stipulate, acknowledge and agree that:

(i)    *Pre-Petition ABL Financing Agreements*.    Prior    to    the

Page:        7
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

commencement of the Cases, Wells Fargo, as successor by merger to Wachovia Bank, National

Association, in its capacity as administrative agent and collateral agent (in such capacity, the

"*Existing ABL Agent*") and the financial institutions from time to time party to the Existing

ABL Loan Agreement (as defined below) as lenders thereto, the "*Existing ABL Lenders*") made

loans, advances and provided other financial accommodations to Borrowers (as defined below)

pursuant to the terms and conditions set forth in: (1) the Loan and Security Agreement, dated

March 9, 2007, by and among Debtor Borrower, Newark Group International B.V. ("*Non-

Debtor Borrower*", together with Debtor Borrower, each individually, a "*Borrower*" and

collectively, the "*Borrowers*"), Guarantor, Ridge Finance Corp., as guarantor (which entity has

since been merged into Debtor Borrower), and the Existing ABL Agent, acting for itself and on

behalf of the Existing ABL Lenders (as the same has heretofore been amended, supplemented,

modified, extended, renewed, restated and/or replaced at any time prior to the Petition Date, the

"*Existing ABL Loan Agreement*"), and (2) all other agreements, documents and instruments

executed and/or delivered with, to, or in favor of Existing ABL Agent or any Existing ABL

Lender, including, without limitation, all other security agreements, notes, guarantees,

mortgages, Uniform Commercial Code financing statements, and all other related agreements,

documents and instruments executed and/or delivered in connection therewith or related thereto

(all of the foregoing, together with the Existing ABL Loan Agreement, as all of the same have

heretofore been amended, supplemented, modified, extended, renewed, restated and/or replaced

at any time prior to the Petition Date, collectively, the "*Existing ABL Financing Agreements*").

Copies of the Existing ABL Loan Agreement and the other material operative Existing ABL

Financing Agreements are contained in the Exhibit Supplement to the Motion (the "*Exhibit*

Page:        8
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

*Supplement*"), as <u>Exhibits A-1 – A-8</u>.

(ii)     *Pre-Petition ABL Obligations Amount*.  As of the Petition Date, the

aggregate amount of all Pre-Petition Revolving Loans, Pre-Petition Letters of Credit and other

Pre-Petition ABL Obligations (as defined below) owing by Borrowers to Existing ABL Agent

and Existing ABL Lenders under and in connection with the Existing ABL Financing

Agreements is, as of June 9, 2010, in the amount of $42,352,765.45, consisting of Revolving

Loans in the amount of $41,569,396.89 and Letters of Credit in the amount of $783,368.56, plus

all interest accrued and accruing thereon, with all costs, fees, expenses (including attorneys' fees

and legal expenses) and other charges accrued, accruing or chargeable with respect thereto,

including without limitation, all Bank Product Debt (as defined in the Existing ABL Loan

Agreement) (collectively, and as such term is more fully defined in the DIP ABL Loan

Agreement, the "***Pre-Petition ABL Obligations***").  The Pre-Petition ABL Obligations constitute

allowed, legal, valid, binding, enforceable and non-avoidable obligations of Debtors, and are not

subject to any offset, defense, counterclaim, avoidance, recharacterization or subordination

pursuant to the Bankruptcy Code or any other applicable law, and Debtors do not possess and

shall not assert any claim, counterclaim, setoff or defense of any kind, nature or description

which would in any way affect the validity, enforceability and non-avoidability of any of the Pre-

Petition ABL Obligations.

(iii)     *Pre-Petition ABL Collateral*.  As of the Petition Date, the Pre-

Petition ABL Obligations were fully secured pursuant to the Pre-Petition ABL Financing

Agreements by valid, perfected, enforceable and non-avoidable first priority security interests

and liens granted by Debtors to Existing ABL Agent, for the benefit of itself and the other

Page:       9
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
            Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
            364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
            Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
            Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
            Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
            N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
            Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
            merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
            Hearing Pursuant to Bankruptcy Rule 4001

Existing ABL Lenders, upon (a) all of the pre-petition Priority Collateral (as defined in the

Existing ABL Loan Agreement, the "**_Pre-Petition ABL Priority Collateral_**"), subject only to the

liens specifically listed on Schedule 8.4 of the Existing ABL Loan Agreement or permitted under

Section 9.8 of the Existing ABL Loan Agreement to the extent that such security interests, liens

or encumbrances are (A) valid, perfected and non-avoidable security interests, liens or

encumbrances existing as of the Petition Date, and (B) senior to and have not been or are subject

to being subordinated to Existing ABL Agent's and Existing ABL Lenders' liens on and security

interests in the Pre-Petition ABL Priority Collateral or otherwise avoided, and, in each instance,

only for so long as and to the extent that such encumbrances are and remain senior and

outstanding (hereinafter referred to as the "**_Permitted ABL Encumbrances_**"), and (b) junior and

subordinate liens and security interests upon the Pre-Petition Term Loan Priority Collateral (as

defined below).  The Debtors do not possess and will not assert any claim, counterclaim, setoff

or defense of any kind, nature or description which would in any way affect the validity,

enforceability and non-avoidability of any of Existing ABL Agent's and Existing ABL Lenders'

liens, claims or security interests in the Pre-Petition ABL Collateral (as defined below).  The Pre-

Petition ABL Priority Collateral and the Pre-Petition Term Loan Collateral (excluding the pre-

petition Working Capital Excluded Collateral) (as defined in the Existing Intercreditor

Agreement) are collectively referred to herein as (the "**_Pre-Petition ABL Collateral_**").

       (iv)      _Proof of Claim_.  The acknowledgment by Debtors of the Pre-

Petition ABL Obligations and the liens, rights, priorities and protections granted to or in favor of

Existing ABL Agent and Existing ABL Lenders as set forth herein and in the Pre-Petition ABL

Financing Agreements shall be deemed a timely filed proof of claim on behalf of Existing ABL

Page:      10
Debtor:    THE NEWARK GROUP, INC.
Case No:   10-27694(NLW)
Caption:   Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
           Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
           364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
           Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
           Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
           Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
           N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
           Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
           merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
           Hearing Pursuant to Bankruptcy Rule 4001

Agent and Existing ABL Lenders in these Cases.

(v)    *Pre-Petition Term Loans.*    Prior to the commencement of the

Cases, Wachovia Bank, National Association, in its capacity as Administrative Agent and

Collateral Agent  (in such capacity the "***Pre-Petition Term Loan Agent"***)  and the lenders party

to the Pre-Petition Term Loan Credit Agreement (as defined below) as lenders thereto (the "***Pre-

Petition Term Loan Lenders***") made loans, advances and provided other financial

accommodations to Debtor Borrower pursuant to the terms and conditions set forth in: (1) the

Loan and Security Agreement, dated March 9, 2007, by and among Debtor Borrower, Debtor

Guarantor, Ridge Finance Corp., as guarantor, Pre-Petition Term Loan Agent and Pre-Petition

Term Loan Lenders (as the same has heretofore been amended, supplemented, modified,

extended, renewed, restated and/or replaced at any time prior to the Petition Date, the "***Pre-

Petition Term Loan Agreement***"), and (2) all other agreements, documents and instruments

executed and/or delivered with, to, or in favor of Pre-Petition Term Loan Agent or any Pre-

Petition Term Loan Lender, including, without limitation,  all other security agreements, notes,

guarantees, mortgages, Uniform Commercial Code financing statements and all other related

agreements, documents and instruments executed and/or delivered in connection therewith or

related thereto (all of the foregoing, together with the Pre-Petition Term Loan Agreement, as all

of the same have heretofore been amended, supplemented, modified, extended, renewed, restated

and/or replaced at any time prior to the Petition Date, collectively, the "***Pre-Petition Term Loan

Documents***").  Copies of the Pre-Petition Term Loan Agreement and the other material operative

Pre-Petition Term Loan Documents are contained as <u>Exhibits B-1 – B-8</u> in the Exhibit

Supplement to the Motion.

*Approved by Judge Novalyn L. Winfield June  10, 2010*

Page:        11
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

(vi)    *Pre-Petition Term Loan Obligations Amount.*  As of the Petition

Date, the aggregate amount of all Term Loans, Letters of Credit and other Pre-Petition Term

Loan Obligations owing by Debtor Borrower and Subsidiary Loan Parties (as defined in the Pre-

Petition Term Loan Agreement) to Pre-Petition Term Loan Agent and Pre-Petition Term Loan

Lenders under and in connection with the Pre-Petition Term Loan Documents is, as of June 9,

2010, in the amount of $80,593,422.88, consisting of term loans in the amount of $73,454,628.88

and letters of credit in the amount of $7,138,794, plus interest accrued and accruing thereon,

together with all costs, fees, expenses (including attorneys' fees and legal expenses) and other

charges accrued, accruing or chargeable with respect thereto (collectively, the "***Pre-Petition***

***Term Loan Obligations***").  The Pre-Petition Term Loan Obligations constitute allowed legal,

valid, binding, enforceable and nonavoidable obligations of Debtors and are not subject to any

offset, defense, counterclaim, avoidance, recharacterization or subordination pursuant to the

Bankruptcy Code or any other applicable law and Debtors do not possess and shall not assert any

claim, counterclaim, setoff or defense of any kind, nature or description which would in anyway

affect the validity, enforceability and non-avoidability of any of the Pre-Petition Term Loan

Obligations.

(vii)    *Pre-Petition Term Loan Collateral*  As of the Petition Date, the

Pre-Petition Term Loan Obligations were fully secured pursuant to the Pre-Petition Term Loan

Documents by valid, perfected, enforceable and non-avoidable security interests and liens

granted by Debtors to Pre-Petition Term Loan Agent, for the benefit of itself and the other Pre-

Petition Term Loan Lenders, upon (a) all of the Collateral (as defined in the Pre-Petition Term

Loan Agreement), and, as used herein, the "Pre-Petition Term Loan Collateral"), subject only to

Page:         12
Debtor:       THE NEWARK GROUP, INC.
Case No:      10-27694(NLW)
Caption:      Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
              Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
              364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
              Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
              Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
              Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
              N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
              Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
              merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
              Hearing Pursuant to Bankruptcy Rule 4001

the liens specifically listed on Schedule 8.4 of the Pre-Petition Term Loan Documents or permitted under Section 9.8 of the Pre-Petition Term Loan Agreement to the extent that such security interests, liens or encumbrances are (a) valid, perfected and non-avoidable security interests, liens or encumbrances existing as of the Petition Date, and (b) senior to and have not been or are subject to being subordinated to the Pre-Petition Term Loan Agent's liens on and security interests in the Pre-Petition Term Loan Collateral or otherwise avoided, and, in each instance, only for so long as and to the extent that such encumbrances are and remain senior and outstanding (hereinafter referred to as the "***Permitted Term Loan Encumbrances***") and (b) junior and subordinate liens and security interests in the Pre-Petition ABL Priority Collateral granted in favor of Existing ABL Agent and Existing ABL Lenders.  The Debtors do not possess and will not assert any claim, counterclaim, setoff or defense of any kind, nature or description which would in any way affect the validity, enforceability and non-avoidability of any of Pre-Petition Term Loan Agent's and Pre-Petition Term Loan Lenders' liens, claims or security interests in the Pre-Petition Term Loan Collateral.

        (viii)    *Proof of Claim.*    The acknowledgment by Debtors of the Pre-Petition Term Loan Obligations and the rights, priorities and protections granted to or in favor of the Pre-Petition Term Loan Agent and in the Pre-Petition Term Loan Documents shall be deemed a timely filed proof of claim on behalf of Pre-Petition Term Loan Agent and Pre-Petition Term Loan Lenders in these Cases.

        (ix)    *Intercreditor Agreement.*    Existing ABL Agent, on behalf of itself and the other Existing ABL Lenders, and in its capacity as collateral agent, and the Pre-Petition Term Loan Agent, in its capacity as collateral agent for the Pre-Petition Term Loan Lenders,

Page:       13
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
            Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
            364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
            Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
            Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
            Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
            N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
            Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
            merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
            Hearing Pursuant to Bankruptcy Rule 4001

entered into the Intercreditor Agreement (the "**Existing *Intercreditor Agreement***"), dated as of

March 9, 2007, which sets forth, inter alia, (a) the respective rights, obligations and priorities of

the claims and interest of the Existing ABL Agent, Existing ABL Lenders, the Pre-Petition Term

Loan Agent, and the Pre-Petition Term Loan Lenders and specifically provides, inter alia, that all

liens and security interests with respect to all Pre-Petition ABL Priority Collateral securing all

Pre-Petition Term Loan Obligations are subordinated, in all respects, to all liens and security

interests with respect to the Pre-Petition ABL Priority Collateral securing all Pre-Petition ABL

Obligations, and (b) the respective rights, obligations and priorities of the claims and interests of

the Existing ABL Agent, Existing ABL Lenders, the Pre-Petition Term Loan Agent, and the Pre-

Petition Term Loan Lenders and specifically provides, inter alia, that all liens and security

interests with respect to all Pre-Petition Term Loan Priority Collateral (defined in the

Intercreditor Agreement as "Term Loan Priority Collateral") securing all Pre-Petition ABL

Obligations are subordinated, in all respects, to all liens and security interests with respect to the

Pre-PetitionTerm Loan Priority Collateral securing all Pre-Petition Term Loan Obligations.

       (x)    *Pre-Petition Notes*.  Prior to the commencement of the Cases, the

Debtor Borrower, as issuer (in such capacity, the "***Pre-Petition Notes Issuer***"), issued certain

unsecured senior subordinated notes (the "***Pre-Petition Notes***") with a maturity date of March

12, 2014 in the aggregate principal amount of $175.0 million, accruing interest at 9.75%, to

certain purchasers, together with their successors and assigns (the "***Pre-Petition Notes***

***Purchasers***"), pursuant to the Indenture, dated as of March 12, 2004 (the "***Pre-Petition Notes***

***Indenture***"), among the Pre-Petition Notes Issuer, certain guarantors, and The Bank of New

York, as trustee (the "***Pre-Petition Notes Trustee***").  Certain of the Pre-Petition Notes Purchasers

Page:        14
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

formed a coalition, which has been involved in negotiating terms and conditions of the Joint Plan

(the "Coalition of the Pre-Petition Notes Purchasers").

(xi)    *Pre-Petition Notes Obligations Amount.*    As of the Petition Date,

the aggregate amount of all Pre-Petition Notes and other pre-petition obligations owing by the

Pre-Petition Notes Issuer and the guarantors under the Pre-Petition Notes Indenture to the Pre-

Petition Notes Purchasers under and in connection with the Pre-Petition Notes is in the amount

of $175,000,000, plus interest accrued and accruing thereon, together with all costs, fees,

expenses (including attorneys' fees and legal expenses) and other charges accrued, accruing or

chargeable with respect thereto (collectively, the "***Pre-Petition Notes Obligations***").    The Pre-

Petition Notes Obligations constitute allowed, legal, valid, binding, enforceable and non-

avoidable obligations of Debtors and are not subject to any offset, defense, counterclaim,

avoidance, recharacterization or, except as expressly set forth in the Pre-Petition Notes

Indenture, subordination pursuant to the Bankruptcy Code or any other applicable law and

Debtors do not possess and shall not assert any claim, counterclaim, setoff or defense of any

kind, nature or description which would in any way affect the validity, enforceability and non-

avoidability of any of the Pre-Petition Notes Obligations.

(xii)    *Proof of Claim.*    The acknowledgment by Debtors of the Pre-

Petition Notes Obligations and the rights, priorities and protections granted to or in favor of the

Pre-Petition Notes Trustee and in the Pre-Petition Notes Indenture shall be deemed a timely filed

proof of claim on behalf of the Pre-Petition Notes Trustee and the Pre-Petition Notes Purchasers

in these Cases and to the extent necessary such deemed filing shall satisfy Bankruptcy Rule

3003(c)(2).

*Approved by Judge Novalyn L. Winfield June  10, 2010*

Page:        15
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

(xiii)   *Pre-Packaged Plan of Reorganization.*   On or about May 7, 2010,

Debtors distributed the Disclosure Statement for the Joint Pre-Packaged Plan of Reorganization

of the Newark Group, Inc. (the "Disclosure Statement") and commenced solicitation of, inter

alia, the Pre-Petition Notes Purchasers to the terms and conditions of the Debtors' Joint Pre-

Packaged Plan of Reorganization of the Newark Group, Inc., et al., dated May 7, 2010 (the "Joint

Plan"), which proposes, inter alia, to convert the Pre-Petition Notes into substantially all of the

equity of the Reorganized Company (as defined in the Joint Plan).

E.      Findings Regarding the Postpetition Financing.

(i)      *Post-Petition Financing.*   The Debtors have requested from each of

DIP ABL Agent, DIP ABL Lenders, DIP TL Agent, and DIP TL Lenders, and each of DIP

Agent, DIP ABL Lenders, DIP TL Agent, and DIP TL Lenders are willing to extend, certain

loans, advances and other financial accommodations on the terms and conditions set forth, in this

Interim Order, the DIP ABL Loan Agreement (as defined below), DIP ABL Financing

Agreements (as defined below), the DIP TL Agreement and the DIP TL Documents.

(ii)      *Need for Post-Petition Financing and the Pay-Off of the Pre-*

*Petition Secured Loans.*   The Debtors do not have sufficient available sources of working capital,

including cash collateral, to operate their businesses in the ordinary course of their businesses

without the financing requested under the Motion.   The Debtors' ability to maintain business

relationships with their vendors, suppliers and customers, to pay their employees, and to

otherwise fund their operations is essential to the Debtors' continued viability as the Debtors seek

to maximize the value of the assets of the Estates (as defined below) for the benefit of all

creditors of the Debtors.   The ability of the Debtors to obtain sufficient working capital and

Page:       16
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
            Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
            364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
            Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
            Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
            Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
            N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
            Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
            merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
            Hearing Pursuant to Bankruptcy Rule 4001

liquidity through the proposed post-petition financing arrangements with DIP ABL Agent, DIP

ABL Lenders, DIP TL Agent and DIP TL Lenders as set forth in this Interim Order, the DIP

ABL Loan Agreement, DIP ABL Financing Agreements, the DIP TL Agreement and the other

DIP TL Documents is vital to the preservation and maintenance of the going concern values of

the Debtors.  The Debtors have an immediate need to obtain the post-petition financing, in order

to, among other things, permit the orderly continuation of the operation of their businesses,

minimize the disruption of their business operations, and preserve and maximize the value of the

assets of the Debtors' bankruptcy estates (as defined under Section 541 of the Bankruptcy Code,

the "*Estates*") in order to maximize the recovery to all creditors of the Estates, in accordance

with the terms of the Joint Plan.  The Debtors will suffer immediate and irreparable harm if the

requested financing is not granted at the Interim Hearing because absent such relief the Debtors

will not be able to (a) continue the orderly operation of their businesses, (b) maintain critical

business relationships with vendors, suppliers and customers (c) make payroll, (d) repay in full

the Pre-Petition ABL Obligations and the Pre-Petition Term Loan Obligations and (e) satisfy

other working capital needs.  The ability of the Debtors to obtain sufficient working capital and

liquidity through the proposed financing is vital to the preservation and maintenance of the going

concern values of the Debtors and to a successful reorganization of the Debtors.  Accordingly,

the relief requested in the Motion is necessary, essential and appropriate.

                    (iii)    *No Credit Available on More Favorable Terms*.  The Debtors are

unable to procure financing in the form of unsecured credit allowable under Section 503(b)(1) of

the Bankruptcy Code, as an administrative expense under Section 364(a) or (b) of the

Bankruptcy Code, or in exchange for the grant of an administrative expense priority pursuant to

Page:       17
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001

Section 364(c)(1) of the Bankruptcy Code, without the grant of liens on assets. The Debtors have been unable to procure the necessary financing on terms more favorable than the financing offered by DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and DIP TL Lenders pursuant to the DIP ABL Financing Agreements and the DIP TL Documents.

(iv)      *Budget*.  The Debtors have prepared and delivered to DIP ABL Agent, DIP ABL Lenders, the DIP TL Agent, the DIP TL Lenders, and counsel for the Pre-Petition Notes Purchasers, an initial Budget (as defined in the DIP ABL Loan Agreement and the DIP TL Agreement, a copy of which is annexed hereto as <u>Exhibit 1</u> and is incorporated herein). Such Budget has been thoroughly reviewed by the Debtors and their management and sets forth, among other things, the Projected Information for the periods covered thereby. The Debtors represent that the Debtors believe the Budget is achievable in accordance with the terms of the DIP ABL Financing Agreements, the DIP TL Documents and this Order and will allow the Debtors to operate at all times during these Cases without the accrual of unpaid administrative expenses. Each of DIP ABL Agent and DIP ABL Lenders, the DIP TL Agent and DIP TL Lenders are relying upon the Debtors' compliance with the Budget in accordance with Section 8.31 of the DIP ABL Loan Agreement, the other DIP ABL Financing Agreements and this Order in determining to enter into the post-petition financing arrangements. To the extent delivery to DIP ABL Agent and DIP TL Agent is required under each of the DIP ABL Loan Agreement and the DIP TL Agreement, Debtors will also deliver to counsel for the Pre-Petition Notes Purchasers any supplements, amendments or subsequent Budgets.

(v)      *Business Judgment and Good Faith Pursuant to Section 364(e)*. The terms of the DIP ABL Agreement, the DIP ABL Financing Agreements, the DIP TL Loan

Page:        18
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

Agreement, the DIP TL Documents and this Interim Order are fair, just and reasonable under the

circumstances, are ordinary and appropriate for secured financing to debtors-in-possession,

reflect the Debtors' exercise of their prudent business judgment consistent with their fiduciary

duties, and are supported by reasonably equivalent value and fair consideration.  The terms and

conditions of the DIP ABL Loan Agreement, the DIP ABL Financing Agreements, the DIP Loan

Agreement, the DIP Term Documents and this Interim Order have been negotiated in good faith

and at arms' length by and among the Debtors, on one hand, and each of DIP ABL Agent, DIP

ABL Lenders, DIP TL Agent and DIP TL Lenders, on the other hand, with all parties being

represented by counsel.  Any credit extended by DIP ABL Agent and DIP ABL Lenders under

the terms of this Order shall be deemed to have been extended in good faith as that term is used

in Section 364(e) of the Bankruptcy Code.  Any credit extended under the terms of this Order by

DIP TL Agent and DIP TL Lenders shall be deemed to have been extended in good faith as that

term is used in Section 364(e) of the Bankruptcy Code.

     (vi)    *Good Cause*.  The relief requested in the Motion is necessary,

essential and appropriate, and is in the best interest of and will benefit the Debtors, their creditors

and their Estates, as its implementation will, among other things, provide the Debtors with the

necessary liquidity to (a) minimize disruption to the Debtors' businesses and on-going

operations, (b) preserve and maximize the value of the Debtors' Estates for the benefit of all the

Debtors' creditors, (c) avoid immediate and irreparable harm to the Debtors, their creditors, their

businesses, their employees, and their assets, and (d) repay in full the Pre-Petition ABL

Obligations and the Pre-Petition Term Loan Obligations.

     (vii)    *Immediate Entry*.  Sufficient cause exists for immediate entry of

Page:       19
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
            Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
            364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
            Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
            Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
            Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
            N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
            Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
            merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
            Hearing Pursuant to Bankruptcy Rule 4001

this Order pursuant to Bankruptcy Rule 4001(c)(2).  No party appearing in the Cases has filed or

made an objection to the relief sought in the Motion or the entry of this Order, or any objections

that were made (to the extent such objections have not been withdrawn) are hereby overruled.

(viii)    *Committee*.  As of the date hereof, the Office of the United States

Trustee has not appointed an official committee of unsecured creditors.

(ix)    *Adequate Protection*.  The liens granted under 364(d) in favor of

the DIP TL Agent and DIP TL Lenders are limited to priority over liens existing as of the

Petition Date in the DIP TL Priority Collateral (a) in favor of the Pre-Petition Term Loan Agent

and Pre-Petition Term Loan Lenders, if any, to the extent such liens have not been discharged

and satisfied in full, (b) in favor of the Existing ABL Agent and the Existing ABL Lenders to the

extent such liens have not been assigned to and assumed by DIP ABL Agent and DIP ABL

Lenders, which are junior and subordinated to liens in favor of DIP TL Agent and DIP TL

Lenders in accordance with the terms of this Interim Order and the Intercreditor Agreement, (c)

in favor of any other person or entity to the extent that such lien is junior or subordinated to any

of the liens of the Pre-Petition Term Loan Agent, Pre-Petition Term Loan Lenders, Pre-Petition

ABL Agent or Pre-Petition ABL Lenders or is otherwise avoidable or subject to subordination

under applicable law (the "Junior TL Liens"), to the extent, if any, that holders of liens under

clauses (a) through (c) are entitled to adequate protection, such lien holders shall be deemed to

be adequately protected by reason of (x) the repayment provisions of this Order with respect to

the debt secured by the liens described in clauses (a) and (b) above and (y) the grant of

replacement liens in the Collateral in favor of the holders of liens described in clause (c) above,

provided that such replacement liens shall be junior to the liens granted in favor of DIP TL

Page:        20
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

Agent and DIP TL Lenders and DIP ABL Agent and DIP ABL Lenders in the DIP TL Priority

Collateral.

Based upon the foregoing, and after due consideration and good cause appearing

therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:

Section 1.    <u>Authorization and Conditions to Financing.</u>

1.1    <u>Motion Granted</u>.  The Motion is granted in accordance with Bankruptcy

Rule 4001(c)(2) to the extent provided in this Order.  This Order shall hereinafter be referred to

as the "***Interim Order***."

1.2    <u>Authorization to Borrow from DIP ABL Lenders and Use Loan Proceeds</u>.

Borrowers are hereby authorized and empowered to immediately borrow and obtain Revolving

Loans[1] and Letters of Credit (including the assumption by DIP ABL Lender of the existing letter

of credit issued pursuant to the terms of the Pre-Petition Term Loan Documents) and to incur

indebtedness and obligations owing to DIP ABL Agent and DIP ABL Lenders pursuant to the

terms and conditions of this Interim Order, the DIP ABL Loan Agreement, and the other DIP

ABL Financing Agreements (as such term is more fully defined in the DIP ABL Loan

Agreement, the "***DIP ABL*** **Financing** ***Agreements***"), during the period commencing on the date

of this Interim Order through and including the date of the Final Hearing as set forth in Section 6

---

[1]    Capitalized terms used but not otherwise defined in this Order shall have the respective
meanings ascribed thereto in the DIP ABL Loan Agreement.

Page:        21
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

of this Interim Order (the "***Interim Financing Period***"), in such amounts as may be made available to Debtors by DIP ABL Agent and DIP ABL Lenders in accordance with all of the lending formulae, sublimits, terms and conditions set forth in the DIP ABL Loan Agreement, the other DIP ABL Financing Agreements, the Budget and this Interim Order. Subject to the terms and conditions contained in this Interim Order and the DIP ABL Financing Agreements, Debtors shall use the proceeds of the Revolving Loans, the Letters of Credit and any other credit accommodations provided to Debtors pursuant to this Interim Order, the DIP ABL Loan Agreement or the other DIP ABL Financing Agreements for, <u>inter alia</u>, the payment of employee salaries, payroll, taxes, and all other expenses specified in the Budget, including the fees of the U.S. Trustee, the Clerk of this Court and, subject to Section 2.4 of this Interim Order, Allowed Professional Fees (as defined below), the fees incurred by the advisors to the Coalition of Pre-Petition Notes Purchasers and the repayment of the Pre-Petition ABL Obligations.

1.3    DIP ABL Financing Agreements.

1.3.1    Authorization.    Debtors are hereby authorized and directed to enter into, execute, deliver, perform, and comply with all of the terms, conditions and covenants of the DIP ABL Loan Agreement, the other DIP ABL Financing Agreements and all other agreements, documents and instruments executed or delivered in connection with or related to the DIP ABL Loan Agreement, the other DIP ABL Financing Agreements, or this Interim Order, pursuant to which, inter alia, each Debtor ratifies, reaffirms, extends, assumes, adopts, amends, and restates the Existing ABL Loan Agreement, and the other Existing ABL Financing Agreements to which it is a party, including, without limitation, each of the Blocked Account Agreements, by and among Debtors, Blocked Account Banks and Existing ABL Agent (as amended, the "***Blocked***

| Page: | 22 |
| --- | --- |
| Debtor: | THE NEWARK GROUP, INC. |
| Case No: | 10-27694(NLW) |
| Caption: | Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 |

**Account Agreements**"), copies of which are included with the Exhibit Supplement.

1.3.2    <u>Approval.</u>    The DIP ABL Financing Agreements (including, without limitation, the DIP ABL Loan Agreement) and each term set forth therein are approved to the extent necessary to implement the terms and provisions of this Interim Order.  All of such terms, conditions and covenants shall be sufficient and conclusive evidence of the borrowing arrangements by and among Debtors, DIP ABL Agent and DIP ABL Lenders, and of each Debtor's acceptance of all of the terms, conditions, and covenants of the DIP ABL Loan Agreement, and the other DIP ABL Financing Agreements, for all purposes, including, without limitation, to the extent applicable, the payment of all Obligations (as defined in the DIP ABL Loan Agreement) arising thereunder, including, without limitation, all principal, interest, commissions, letter of credit fees, agency and collateral monitoring fees, unused line fees, DIP facility fee, arrangement fees, and other fees and expenses, including, without limitation, all of DIP ABL Agent's and DIP ABL Lenders' consultant fees, professional fees, attorney fees and legal expenses, as more fully set forth in the DIP ABL Financing Agreements and this Interim Order (the "**DIP ABL Obligations**").

1.3.3    <u>Amendment.</u>  Subject to the terms and conditions of the DIP ABL Loan Agreement, and the other DIP ABL Financing Agreements, Debtors, DIP ABL Agent and DIP ABL Lenders may amend, modify, supplement or waive any provision of the DIP ABL Financing Agreements (an "*Amendment*") without further approval or order of the Court so long as (i) such Amendment is not material (for purposes hereof, a "material" Amendment shall mean any Amendment that (A) operates to increase the interest rate other than as currently provided in the DIP ABL Financing Agreements, increase the aggregate of the Commitments (as defined in

Page:        23
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

the DIP ABL Loan Agreement) of the DIP ABL Lenders, add specific new events of default or

enlarge the nature and extent of default remedies available to the DIP ABL Agent and DIP ABL

Lenders following an event of default, or otherwise modify any terms and conditions in any DIP

ABL Financing Agreement in a manner materially less favorable to Debtors) or (B) is not

permitted under the express terms of the DIP TL Loan Agreement, and is undertaken in good

faith by DIP ABL Agent, DIP ABL Lenders and Debtors; (ii) the Debtors provide prior written

notice of the Amendment (the "*Amendment Notice*") to (w) the U.S. Trustee, (x) counsel to the

DIP TL Agent, (y) counsel to the Coalition of Prepetition Notes Purchasers, and (z) counsel to

any official committee appointed in the Cases under Section 1102 of the Bankruptcy Code (the "

*Official Committee(s)*"), or in the event no such Official Committee is appointed at the time of

such Amendment, the 20 Largest Unsecured Creditors; (iii) the Debtors file the Amendment

Notice with the Court; and (iv) no objection to the Amendment is filed with the Court within two

(2) business days from the later of the date the Amendment Notice is served or the date the

Amendment Notice is filed with the Court in accordance with this Section.    Any material

Amendment to the DIP ABL Financing Agreements must be approved by the Court to be

effective.

           1.4      Payment of Prepetition ABL Obligations.   The Debtors are authorized to

pay in cash in full the Existing ABL Agent and the Existing ABL Lenders in respect of all Pre-

Petition ABL Obligations in accordance with the Existing ABL Financing Agreements and to

execute and deliver the releases provided for in the DIP ABL Financing Agreements in favor of

Existing ABL Agent and Existing ABL Lenders, subject only to Section 4.1 of this Interim

Order.   Subject to Section 4.1 of this Interim Order, such payment shall not be avoidable or

Page:       24
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
            Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
            364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
            Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
            Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
            Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
            N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
            Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
            merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
            Hearing Pursuant to Bankruptcy Rule 4001

recoverable from Existing ABL Agent or any Existing ABL Lender under Section 547, 548, 550,

553 or any other Section of the Bankruptcy Code, or any other claim, charge, assessment, or

other liability, whether by application of the Bankruptcy Code, other law or otherwise.

      1.5    <u>Payments and Application of Payments</u>.  Subject to Section 1.7.6 of this

Interim Order, the Debtors are authorized and directed to make all payments and transfers of

Estate property to DIP ABL Agent and DIP ABL Lenders as provided, permitted and/or required

under the DIP ABL Loan Agreement and the other DIP ABL Financing Agreements.  Without

limiting the generality of the foregoing, the Debtors are authorized and directed, without further

order of this Court, to pay or reimburse DIP ABL Agent and DIP ABL Lenders for all present

and future costs and expenses, including, without limitation, all professional fees, consultant fees

and reasonable legal fees and expenses paid or incurred by DIP ABL Agent and DIP ABL

Lenders in connection with the financing transactions as provided in this Interim Order and the

DIP ABL Financing Agreements, all of which shall be and are included as part of the principal

amount of the DIP ABL Obligations and secured by the DIP ABL Collateral.

      1.6    <u>Continuation of Prepetition Procedures</u>.  All pre-petition practices and

procedures for the payment and collection of proceeds of the Pre-Petition ABL Collateral, the

turnover of cash, the delivery of property to Existing ABL Agent and Lenders and the funding

pursuant to the Existing ABL Financing Agreements, including the Blocked Account

Agreement, any other similar lockbox or blocked depository bank account arrangements, and the

Bank Product Agreements are hereby approved, ratified and reaffirmed and shall continue for the

benefit of DIP ABL Agent and DIP ABL Lenders without interruption after the commencement

of the Cases.

Page:        25
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001

1.7    DIP TL Agreement

1.7.1    Authorization to Borrow from DIP TL Lenders and Use Loan Proceeds.  Debtor Borrower is hereby authorized and empowered to immediately borrow and obtain DIP Term Loans in the aggregate principal amount of $110,000,000 from DIP TL Lenders pursuant to the terms and conditions of this Interim Order, the DIP TL Agreement, and the other DIP TL Documents.  Subject to the terms and conditions contained in this Interim Order and the DIP TL Documents, Debtors shall use the proceeds of the DIP Term Loans for working capital, the repayment of the Pre-Petition Term Loan Obligations and other purposes as provided in the DIP TL Agreement and this Interim Order.

1.7.2    Authorization.  Debtors are hereby authorized and directed to enter into, execute, deliver, perform, and comply with all of the terms, conditions and covenants of the DIP TL Agreement, the other DIP TL Documents and all other agreements, documents and instruments executed or delivered in connection with or related to the DIP TL Documents (including the Fee Letter (as defined in the DIP TL Agreement)), or this Interim Order.

1.7.3    Approval.    The DIP TL Agreement and the other DIP TL Documents and each term set forth therein are approved to the extent necessary to implement the terms and provisions of this Interim Order.  All of such terms, conditions and covenants shall be sufficient and conclusive evidence of the financing arrangements by and among Debtors, DIP TL Agent and DIP TL Lenders, including, without limitation, to the extent applicable, the payment of all DIP TL Obligations arising thereunder, including, without limitation, all principal, interest, closing fees, commitment fees, back-stop fees, administrative fees, exit fees and other fees, costs, expense charges, including, without limitation, all of DIP TL Agent's and DIP TL Lenders'

| | |
|---|---|
| Page: | 26 |
| Debtor: | THE NEWARK GROUP, INC. |
| Case No: | 10-27694(NLW) |
| Caption: | Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 |

professional fees, attorney fees and legal expenses, as more fully set forth in the DIP TL Agreement, the other DIP TL Documents and this Interim Order (the "DIP TL Obligations").

      1.7.4    <u>Amendment</u>.  Subject to the terms and conditions of the DIP TL Agreement and the other DIP TL Documents, Debtors, DIP TL Agent and DIP TL Lenders may amend, modify, supplement or waive any provision of the DIP TL Documents (a "***DIP TL Document Amendment***") without further approval or order of the Court so long as (i) such DIP TL Document Amendment is not material (for purposes hereof, a "material" DIP TL Document Amendment shall mean any DIP TL Document Amendment that (A) operates to increase the interest rate other than as currently provided in the DIP TL Documents, add specific new events of default or enlarge the nature and extent of default remedies available to the DIP TL Agent and DIP TL Lenders following an event of default, or otherwise modify any terms and conditions in any DIP TL Document in a manner materially less favorable to Debtors or (B) is not permitted under the express terms of the DIP ABL Loan Agreement), and is undertaken in good faith by the DIP TL Agent, DIP TL Lenders and Debtors; (ii) the Debtors provide prior written notice of the DIP TL Document Amendment (the "***DIP TL Document Amendment Notice***") to (w) the U.S. Trustee, (x) counsel to the DIP ABL Agent, (y) counsel to the Coalition of Pre-Petition Notes Purchasers, and (z) counsel to the Official Committee(s) or, in the event no such Official Committee is appointed at the time of such Amendment, the 20 Largest Unsecured Creditors; (iii) the Debtors file the DIP TL Document Amendment Notice with the Court; and (iv) no objection to the DIP TL Document Amendment is filed with the Court within two (2) business days from the later of the date the DIP TL Document Amendment Notice is served or the date the DIP Note Document Amendment Notice is filed with the Court in accordance with this

Page:        27
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

Section.  Any material Amendment to the DIP TL Documents must be approved by the Court to be effective.

        1.7.5    Payment of Pre-Petition Term Loan Obligations.  The Debtors are authorized to pay in cash in full the Pre-Petition Term Loan Agent and the Pre-Petition Term Loan Lenders in respect of all Pre-Petition Term Loan Obligations in accordance with the Pre-Petition Term Loan Documents (other than the obligations arising under the existing letter of credit that is being assumed by the DIP ABL Lenders in accordance with the terms hereof) (the "***Pre-Petition Term Loan Payoff Amount***") and to execute and deliver the releases provided for in the Pre-Pre-Petition Term Loan Documents in favor of Pre-Petition Term Loan Agent and Pre-Petition Term Loan Lenders, subject only to Section 4.1 of this Interim Order.   Subject to Section 4.1 of this Interim Order, such payment shall not be avoidable or recoverable from Pre-Petition Term Loan Agent or any Pre-Petition Term Loan Lender under Section 547, 548, 550, 553 or any other Section of the Bankruptcy Code, or any other claim, charge, assessment, or other liability, whether by application of the Bankruptcy Code, other law or otherwise. Subject to Section 4.1 of this Interim Order, payment of the Pre-Petition Term Loan Payoff Amount shall satisfy, discharge and extinguish all Pre-Petition Term Loan Obligations.  Upon receipt of the Pre-Petition Term Loan Payoff Amount, Pre-Petition Term Loan Agent shall release and terminate all liens and security interests securing the Pre-Petition Term Loan Obligations pursuant to statements and instruments reasonably satisfactory to DIP TL Agent and shall provide filed and recorded copies of such releases and terminations to DI TL Agent promptly upon receipt by Pre-Petition Term Loan Agent. If Pre-Petition Term Loan Agent fails to timely provide such releases and terminations and provided above, DIP TL Agent is hereby authorized

Page:        28
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

to execute such statements and instruments in the name of Pre-Petition Term Loan Agent and to

record, register or otherwise file all such releases.

      1.7.6    <u>Payment and Application of Payments</u>.  Subject to Section 1.5 of

this Interim Order, the Debtors are authorized and directed to make all payments and transfers of

Estate property to DIP TL Agent and DIP TL Lenders as provided for and required under the

DIP TL Agreement and the other DIP TL Documents.  Without limiting the generality of the

foregoing, the Debtors are authorized and directed, without further order of this Court, to pay or

reimburse DIP TL Agent and DIP TL Lenders for all present and future costs and expenses,

including, without limitation, all professional fees, consultant fees and reasonable legal fees and

expenses paid or incurred by DIP TL Agent and DIP TL Lenders in connection with the

financing transactions as provided in this Interim Order and the DIP TL Documents, all of which

shall be and are included as part of the principal amount of the DIP TL Obligations and secured

by the DIP TL Collateral.

      1.8    <u>Intercreditor Agreement</u>.  Each of DIP ABL Agent, on behalf of itself and

the other DIP ABL Lenders, and in its capacity as collateral agent, and the DIP TL Agent, on

behalf of itself and the other DIP TL Lenders, in its capacity as collateral agent for the DIP TL

Lenders, have entered or about to enter into an Intercreditor Agreement (the "***Intercreditor***

***Agreement***"), dated as of the date hereof, which sets forth, <u>inter</u> <u>alia</u> (as is more fully set forth in

the Intercreditor Agreement), (a) the respective rights, obligations and priorities of the claims

and interest of the DIP ABL Agent, DIP ABL Lenders, the DIP TL Agent, the DIP TL Lenders

and specifically provides, <u>inter</u> <u>alia</u>, that all liens and security interests with respect to all DIP

ABL Priority Collateral (as defined below) securing all obligations and amounts owed under the

Page:          29
Debtor:        THE NEWARK GROUP, INC.
Case No:       10-27694(NLW)
Caption:       Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
               Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
               364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
               Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
               Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
               Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
               N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
               Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
               merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
               Hearing Pursuant to Bankruptcy Rule 4001

DIP TL Documents executed in favor of the DIP TL Agent are subordinated, in all respects, to

all liens and security interests with respect to the DIP ABL Priority Collateral securing all

obligations and amounts owed to DIP ABL Agent and DIP ABL Lenders under the DIP ABL

Loan Agreement and the DIP ABL Financing Agreements, and (b) the respective rights,

obligations and priorities of the claims and interests of the DIP ABL Agent, DIP ABL Lenders,

the DIP TL Agent, and the DIP TL Lenders and specifically provides, inter alia, that all liens and

security interests with respect to all DIP TL Priority Collateral securing all obligations and

amounts owed under the DIP ABL Financing Agreements executed in favor of the DIP ABL

Agent are subordinated, in all respects, to all liens and security interests with respect to the DIP

TL Priority Collateral securing all obligations and amounts owed to the DIP TL Agent and DIP

TL Lenders under the DIP TL Documents.

Section 2.          Postpetition Lien; Superpriority Administrative Claim Status.

              2.1          Post-Petition Lien.

                    2.1.1          Post-Petition Lien Granting In Favor of DIP ABL Agent.    To

secure the prompt payment and performance of any and all DIP ABL Obligations of Debtors to

DIP ABL Agent and DIP ABL Lenders of whatever kind, nature or description, absolute or

contingent, now existing or hereafter arising, DIP ABL Agent, for the benefit of itself, the other

DIP ABL Lenders and the other Secured Parties (as defined in the DIP ABL Loan Agreement),

shall have and is hereby granted, effective as of the Petition Date, valid and perfected liens in

and upon all of the Collateral (as defined in the DIP ABL Loan Agreement), including, without

limitation, avoidance actions (if any) brought under, inter alia, Sections 542, 545, 547, 548, 549

or 550 of the Bankruptcy Code (the "Avoidance Actions") (collectively referred to herein, the

Page:       30
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
            Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
            364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
            Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
            Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
            Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
            N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
            Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
            merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
            Hearing Pursuant to Bankruptcy Rule 4001

"*DIP ABL Collateral*"), having the priority specified in Section 2.1.3 and 2.1.4, including,

without limitation, valid and perfected first priority security interests and liens, in and upon all of

the Working Capital Priority Collateral (as defined in the Intercreditor Agreement) (the "***DIP***

***ABL Priority Collateral***").

      2.1.2    <u>Post-Petition Lien Granting In Favor of DIP TL Agent</u>.  To secure

the prompt payment and performance of any and all DIP TL Obligations of Debtors to DIP TL

Agent and DIP TL Lenders of whatever kind, nature or description, absolute or contingent, now

existing or hereafter arising, DIP TL Agent, for the benefit of itself and the other DIP TL

Lenders, shall have and is hereby granted, effective as of the Petition Date, valid and perfected

security interests and liens in the Collateral (as defined in the DIP TL Agreement), including

without limitation, avoidance actions (if any) brought under Sections 542, 545, 547, 548, 549 or

550 of the Bankruptcy Code, having the priority specified in Sections 2.1.3 and 2.1.4 including,

without limitation, valid and perfected first priority security interests and liens, in and upon all of

the Term Loan Priority Collateral (as defined in the Intercreditor Agreement) (the "***DIP TL***

***Priority Collateral***").

      2.1.3    <u>Lien Priority in Favor of DIP ABL Agent.</u>  The pre- and post-

petition liens and security interests of DIP ABL Agent and DIP ABL Lenders granted under the

DIP ABL Financing Agreements and this Interim Order in the DIP ABL Priority Collateral shall

be and shall continue to be first and senior in priority to all other interests and liens of every

kind, nature and description, whether created consensually, by an order of the Court or

otherwise, including, without limitation, liens or interests granted in favor of third parties in

conjunction with Section 363, 364 or any other Section of the Bankruptcy Code or other

Page:      31
Debtor:    THE NEWARK GROUP, INC.
Case No:   10-27694(NLW)
Caption:   Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001

applicable law; provided, however, that DIP ABL Agent's and DIP ABL Lenders' liens on and security interests (a) in the DIP ABL Priority Collateral (which includes certain of the Avoidance Actions to the extent set forth in the Intercreditor Agreement) shall be senior except only for (i) the ABL Permitted Liens constituting Permitted Liens ((as defined in the DIP ABL Loan Agreement) and excluding the liens in favor of the DIP TL Agent and the DIP TL Lenders, which shall be permitted junior liens); and (ii) the Carve-Out Expenses (as defined below) solely to the extent provided for in Sections 2.3, 2.4 and 2.5 of this Interim Order (the foregoing clauses (i) and (ii) are collectively referred to herein as the "**ABL *Permitted Liens and Claims***") and (b) in the DIP TL Priority Collateral, excluding the Working Capital Excluded Collateral (as defined in the Intercreditor Agreement, but including any DIP TL Priority Collateral that is acquired by Debtors post-petition, shall be junior and subject only to (i) the Permitted TL Liens and Claims (defined below), and (ii) subject to the terms of the Intercreditor Agreement, the liens and security interests of the DIP TL Agent and the DIP TL Lenders.  Notwithstanding anything herein to the contrary, the liens and security interests granted under the DIP ABL Financing Agreements and this Interim Order in the DIP ABL Priority Collateral shall be deemed to have been perfected prior to any perfection or deemed perfection of the liens in the DIP ABL Priority Collateral granted to the DIP TL Agent and DIP TL Lenders under the DIP TL Loan Documents and this Interim Order, and such liens in favor of the DIP TL Agent and DIP TL Lenders in the DIP ABL Priority Collateral shall by consent be junior and subordinate to the liens of the DIP ABL Agent and the DIP ABL Lenders in the DIP ABL Priority Collateral pursuant to Fed.R.Bankr.P.4001(d)(1)(A)(v) and to the extent set forth in and subject to the terms and provisions of the Intercreditor Agreement.

Page:        32
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

2.1.4    Lien Priority in Favor of DIP TL Agent.  The post-petition liens

and security interests of DIP TL Agent and the DIP TL Lenders, granted under the DIP TL

Documents and this Interim Order in the DIP TL Priority Collateral shall be and shall continue to

be first and senior in priority to all other interests and liens of every kind, nature and description,

whether created consensually, by an order of the Court or otherwise, including, without

limitation, liens or interests granted in favor of third parties in conjunction with Section 363, 364

or any other Section of the Bankruptcy Code or other applicable law; provided, however, that

DIP TL Agent's and DIP TL Lenders' liens on and security interests (a) in the DIP TL Priority

Collateral (which includes certain of the Avoidance Actions to the extent set forth in the

Intercreditor Agreement) shall be senior except only for (i) the Permitted TL Liens and Claims

constituting Permitted Liens ((as defined in the DIP TL Agreement) and excluding the liens in

favor of DIP ABL Agent and DIP ABL Lenders, which shall be permitted junior liens); and (ii)

the Carve-Out Expenses (as defined below) solely to the extent provided for in Sections 2.3, 2.4

and 2.5 of this Interim Order (the foregoing clauses (i) and (ii) are collectively referred to herein

as the "**Permitted TL Liens and Claims**"), (b) in the DIP ABL Priority Collateral shall be junior

and subject only to (i) ABL Permitted Liens and Claims, and (ii) the liens and security interests

of the DIP ABL Agent and DIP ABL Lenders.  Notwithstanding anything herein to the contrary,

the liens and security interests granted under the DIP TL Documents and this Interim Order in

the DIP TL Priority Collateral shall be deemed to have been perfected prior to any perfection or

deemed perfection of the liens in the DIP TL Priority Collateral granted to the DIP ABL Agent

and DIP ABL Lenders under the DIP ABL Financing Agreements and this Interim Order, and

such liens in favor of the DIP ABL Agent and DIP ABL Lenders in the DIP TL Priority

Page:          33
Debtor:        THE NEWARK GROUP, INC.
Case No:       10-27694(NLW)
Caption:       Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
               Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
               364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
               Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
               Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
               Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
               N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
               Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
               merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
               Hearing Pursuant to Bankruptcy Rule 4001

Collateral shall by consent be junior and subordinate to the liens of the DIP TL Agent and the

DIP TL Lenders in the DIP TL Priority Collateral pursuant to Fed.R.Bankr.P.4001(d)(1)(A)(v)

and to the extent set forth in and subject to the terms and provisions of the Intercreditor

Agreement.

          2.1.5  <u>Post-Petition Lien Perfection</u>.  This Interim Order shall be

sufficient and conclusive evidence of the priority, perfection and validity of the post-petition

liens and security interests granted herein, effective as of the Petition Date, without any further

act and without regard to any other federal, state or local requirements or law requiring notice,

filing, registration, recording or possession of the DIP ABL Collateral, the DIP TL Collateral, or

other act to validate or perfect such security interest or lien, including without limitation, control

agreements with the Blocked Account Banks or with any other financial institution(s) holding a

Blocked Account or other depository account consisting of Collateral (a "**_Perfection Act_**").

Notwithstanding the foregoing, if either DIP ABL Agent or DIP TL Agent shall, in its sole

discretion, elect for any reason to file, record or otherwise effectuate any Perfection Act, each of

DIP ABL Agent and DIP TL Agent is authorized to perform such act, and the Debtors are

authorized and directed to perform such act to the extent necessary or required by either DIP

ABL Agent or DIP TL Agent, which act or acts shall be deemed to have been accomplished as of

the date and time of entry of this Interim Order notwithstanding the date and time actually

accomplished, and in such event, the subject filing or recording office is authorized to accept, file

or record any document in regard to such act in accordance with applicable law.  DIP ABL

Agent, DIP ABL Lenders or DIP TL Agent may choose to file, record or present a certified copy

of this Interim Order in the same manner as a Perfection Act, which shall be tantamount to a

Page:        34
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

Perfection Act, and, in such event, the subject filing or recording office is authorized to accept,

file or record such certified copy of this Interim Order in accordance with applicable law.

Should either DIP ABL Agent and DIP TL Agent so choose and attempt to file, record or

perform a Perfection Act, no defect or failure in connection with such attempt shall in any way

limit, waive or alter the validity, enforceability, attachment, or perfection of the post-petition

liens and security interests granted herein by virtue of the entry of this Interim Order.

> 2.1.6    <u>Nullifying Pre-Petition Restrictions to Post-Petition Financing</u>.

Notwithstanding anything to the contrary contained in any pre-petition agreement, contract,

lease, document, note or instrument to which any Debtor is a party or under which any Debtor is

obligated, except as otherwise permitted under the DIP ABL Financing Agreements or the DIP

TL Documents, any provision that restricts, limits or impairs in any way any Debtor from

granting each of DIP ABL Agent, DIP ABL Lenders and DIP TL Agent security interests in or

liens upon any of the Debtors' assets or properties (including, among other things, any anti-lien

granting or anti-assignment clauses in any leases or other contractual arrangements to which any

Debtor is a party) under the DIP ABL Loan Agreement, the other DIP ABL Financing

Agreements, the DIP TL Agreement, the other DIP TL Documents, or this Interim Order, or

otherwise entering into and complying with all of the terms, conditions and provisions hereof or

the DIP ABL Financing Agreements or the DIP TL Documents shall not (i) be effective and/or

enforceable against any such Debtor(s), DIP ABL Agent, DIP ABL Lenders, DIP TL Agent or

DIP TL Lenders or (ii) adversely affect the validity, priority or enforceability of the liens,

security interests, claims, rights, priorities and/or protections granted to DIP ABL Agent, DIP

ABL Lenders, DIP TL Agent and DIP TL Lenders pursuant to this Interim Order, the DIP ABL

Page:       35
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
            Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
            364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
            Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
            Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
            Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
            N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
            Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
            merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
            Hearing Pursuant to Bankruptcy Rule 4001

Financing Agreements or the DIP TL Documents to the maximum extent permitted under the

Bankruptcy Code and other applicable law.

        2.2     <u>DIP ABL Superpriority Administrative Expense</u>.  For all DIP ABL

Obligations now existing or hereafter arising pursuant to this Interim Order, the DIP ABL

Financing Agreements or otherwise, DIP ABL Agent, for the benefit of itself and the other DIP

ABL Lenders, is granted an allowed superpriority administrative claim pursuant to Section

364(c)(1) of the Bankruptcy Code, having priority in right of payment over any and all other

obligations, liabilities and indebtedness of Debtors, whether now in existence or hereafter

incurred by Debtors, and over any and all administrative expenses or priority claims of the kind

specified in, or ordered pursuant to, inter alia Sections 105, 326, 328, 330, 331, 503(b), 506(c),

507(a), 507(b), 364(c)(1), 546(c), 726 or 1114 of the Bankruptcy Code (the "***DIP ABL

Superpriority Claim***"), <u>provided</u>, <u>however</u>, the DIP ABL Superpriority Claim shall be subject

only (x) to the ABL Permitted Liens and Claims (including the Carve-Out Expenses (as defined

below)) as and to the extent expressly set forth in this Interim Order and (y) subject to the

Intercreditor Agreement, the DIP TL Superpriority Claim (defined below).

        2.3     <u>DIP TL Superpriority Administrative Expense</u>.  For all DIP TL

Obligations now existing or hereafter arising pursuant to this Interim Order, the DIP TL

Documents or otherwise, DIP TL Agent, for the benefit of itself and the other DIP TL Lenders, is

granted an allowed superpriority administrative claim pursuant to Section 364(c)(1) of the

Bankruptcy Code, having priority in right of payment over any and all other obligations,

liabilities and indebtedness of Debtors, whether now in existence or hereafter incurred by

Page:        36
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

Debtors, and over any and all administrative expenses or priority claims of the kind specified in,

or ordered pursuant to, inter alia Sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a),

507(b), 364(c)(1), 546(c), 726 or 1114 of the Bankruptcy Code (the "***DIP TL Superpriority***

***Claim***"), <u>provided</u>, <u>however</u>, the DIP TL Superpriority Claim shall be subject only to (x) the TL

Permitted Liens and Claims (including the Carve-Out Expenses as defined below), as and to the

extent expressly set forth in this Interim Order and (y) subject to the Intercreditor Agreement, the

DIP ABL Superpriority Claim.

### 2.4    Carve Out Expenses.

2.4.1    <u>Carve Out Expenses</u>.  Upon the declaration by DIP ABL Agent of

the occurrence of an Event of Default (the "***Event of Default***"), each of DIP ABL Agent's, DIP

ABL Lenders', DIP TL Agent's, and DIP TL Lenders' liens, claims and security interests in the

Collateral and their respective Superpriority Claims shall be subject only to the right of payment

of the following expenses (the "***Carve Out Expenses***"):

a.    statutory fees payable to the U.S. Trustee pursuant to

28 U.S.C. § 1930(a)(6);

b.    fees payable to the Clerk of this Court; and

c.    subject to the terms and conditions of this Interim Order, an

amount not exceeding $2,000,000 of the unpaid and outstanding reasonable fees and

expenses actually incurred on or after the declaration of an Event of Default and

approved by a final order of the Court pursuant to Sections 326, 328, 330, or 331 of the

Bankruptcy Code (collectively, the "***Allowed Professional Fees***"), by attorneys,

accountants and other professionals retained by the Debtors and any Official

Page:        37
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

Committee(s) under Section 327 or 1103(a) of the Bankruptcy Code (collectively, the

"**Professionals**"), less the amount of any retainers, if any, then held by such

Professionals, which shall be created as follows: (i) upon entry of this Interim Order, each

of the Professional Fee Carve-Out and the Carve-Out Reserve (as defined below) shall be

in the aggregate amount of $500,000, and (ii) commencing with the next Monday, which

is at least seven (7) calendar days after the date of the entry of this Interim Order and on

each Monday of the two (2) successive calendar weeks thereafter, the Professional Fee

Carve-Out and the Carve-Out Reserve shall increase by $500,000 per week until the

Professional Fee Carve-Out and the Carve-Out Reserve each are in the amount of

$2,000,000 (the "**Professional Fee Carve Out**").

    2.4.2 <u>Excluded Professional Fees</u>. Notwithstanding anything to the

contrary in this Interim Order, neither the Professional Fee Carve-Out nor the proceeds of any

Revolving Loans, Letters of Credit, DIP ABL Collateral, DIP TL Loans or DIP TL Collateral

shall be used to pay any Allowed Professional Fees or any other fees or expenses incurred by any

Professional in connection with any of the following: (a) an assertion or joinder in (but excluding

any investigation into) any claim, counter-claim, action, proceeding, application, motion,

objection, defense or other contested matter seeking any order, judgment, determination or

similar relief: (i) challenging the legality, validity, priority, perfection, or enforceability of (A)

the Pre-Petition ABL Obligations or (B) the Existing ABL Agent's and Existing ABL Lenders'

liens on and security interests in the Pre-Petition ABL Collateral or (C) the DIP ABL Obligations

or (D) the DIP ABL Agent's and the DIP ABL Lenders' liens and security interests in the DIP

ABL Collateral or (E) the Pre-Petition Term Loan Obligations or (F) the DIP TL Obligations or

Page:        38
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

(G) the DIP TL Agent's and DIP TL Lenders' liens on and security interests in the DIP TL

Collateral or (H) the Pre-Petition Term Loan Obligations or (I) the Pre-Petition Term Loan

Agent's liens on and security interests in the Pre-Petition Term Loan Collateral, (ii) invalidating,

setting aside, avoiding or subordinating, in whole or in part, (A) the Pre-Petition ABL

Obligations, the DIP ABL Obligations or the Existing ABL Agent's and Existing ABL Lenders'

liens on and security interests in the Pre-Petition ABL Collateral, or (B) DIP ABL Agent's and

DIP ABL Lenders' liens on and security interests in the DIP ABL Collateral, or (C) DIP TL

Agent's and DIP TL Lenders' liens on and security interests in the DIP TL Collateral, or (D) the

Pre-Petition Term Loan Obligations or the Pre-Petition Term Loan Agent's liens on and security

interests in the Pre-Petition Term Loan Collateral, or (iii) preventing, hindering or delaying (A)

DIP ABL Agent's or DIP ABL Lenders' assertion or enforcement of any lien, claim, right or

security interest or realization upon any DIP ABL Collateral or (B) DIP TL Agent's or DIP TL

Lenders' assertion or enforcement of any lien, claim, right or security interest or realization upon

any DIP TL Collateral, (b) a request to use the Cash Collateral (as such term is defined in

Section 363 of the Bankruptcy Code) without the prior written consent of DIP ABL Agent and

DIP TL Agent in accordance with the terms and conditions of this Interim Order, (c) a request

for authorization to obtain Debtor-in-Possession financing or other financial accommodations

pursuant to Section 364(c) or Section 364(d) of the Bankruptcy Code, other than from DIP ABL

Agent or DIP ABL Lenders, or DIP TL Agent or DIP TL Lenders, without the prior written

consent of DIP ABL Agent and  DIP TL Agent, (d) the commencement or prosecution of any

action or proceeding of any claims, causes of action or defenses against either Existing ABL

Agent, any Existing ABL Lender, DIP ABL Agent or any DIP ABL Lender, or Pre-Petition

Page:       39
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
            Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
            364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
            Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
            Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
            Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
            N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
            Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
            merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
            Hearing Pursuant to Bankruptcy Rule 4001

Indenture Trustee or any Pre-Petition Note Purchaser, or DIP TL Agent or any DIP TL Lender,

or any of their respective officers, directors, employees, agents, attorneys, affiliates, successors

or assigns, including, without limitation, any attempt to recover or avoid any claim or interest

from Existing ABL Agent or any Existing ABL Lender, or Pre-Petition Indenture Trustee or any

Pre-Petition Note Purchaser, or Pre-Petition Term Loan Agent or any Pre-Petition Term Loan

Lender under Chapter 5 of the Bankruptcy Code, or (e) any act which has or could have the

effect of materially and adversely modifying or compromising the rights and remedies of DIP

ABL Agent or any DIP ABL Lender, or DIP TL Agent or any DIP TL Lender, or Pre-Petition

Term Loan Agent or any Pre-Petition Term Loan Lender which is contrary, in a manner that is

material and adverse to DIP ABL Agent or any DIP ABL Lender, or to DIP TL Agent or any

DIP TL Lender, to any term or condition set forth in or acknowledged by the DIP ABL

Financing Agreements or the DIP TL Documents, as applicable, or this Interim Order and which

results in the occurrence of an Event of Default under the DIP ABL Financing Agreements or

DIP TL Documents, as applicable, or this Interim Order; provided however, no more than

$50,000 of the proceeds of post-petition Revolving Loans may be used by the Official

Committee to conduct the investigation permitted by Section 4.1 herein.

        2.5    Carve Out Reserve.  At DIP ABL Agent's sole reasonable discretion, DIP

ABL Agent may, at any time, but initially in the increments set forth in Section 2.4.1(c) above,

establish a Reserve against the amount of Revolving Loans, or other credit accommodations that

would otherwise be made available to Debtors pursuant to the lending formulae contained in the

DIP ABL Loan Agreement in respect of the Professional Fee Carve-Out and the other Carve-Out

Expenses.

Page:       40
Debtor:     THE NEWARK GROUP, INC.
Case No:    10-27694(NLW)
Caption:    Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001

2.6     Payment of Carve-Out Expenses.

2.6.1    Prior to the declaration of an Event of Default, Debtors shall be permitted to pay Allowed Professional Fees of the Professionals in accordance with the Budget and any such amounts paid prior to the occurrence of an Event of Default shall not reduce the Professional Fee Carve-Out.

2.6.2    Any payment or reimbursement made either directly by DIP ABL Agent, any DIP ABL Lender, DIP TL Agent or any DIP TL Lender at any time, or by or on behalf of the Debtors on or after the declaration of an Event of Default, in respect of any Allowed Professional Fees or any other Carve Out Expenses (exclusive of the application of any retainers by any of the Professionals) shall, in either case, permanently reduce the Professional Fee Carve Out on a dollar-for-dollar basis.  The obligation of DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and DIP TL Lenders to fund or otherwise cause to be paid the Professional Fee Carve-Out and the other Carve-Out Expenses shall be added to and made a part of the DIP ABL Obligations and DIP TL Obligations, as applicable, secured by the DIP ABL Collateral and DIP TL Collateral, as applicable, and entitle DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and DIP TL Lenders to all of the rights, claims, liens, priorities and protections under this Interim Order, the DIP ABL Financing Agreements, the DIP TL Documents, the Bankruptcy Code or applicable law.  Payment of any Carve-Out Expenses, whether by or on behalf of DIP ABL Agent, any DIP ABL Lender, DIP TL Agent or any DIP TL Lender shall not and shall not be deemed to reduce the DIP ABL Obligations or the DIP TL Obligations, and shall not and shall not be deemed to subordinate any of DIP ABL Agent's and DIP ABL Lenders' liens and security interests in the DIP ABL Collateral or the DIP ABL Superpriority Claim any of DIP

Page:        41
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001

TL Agent's or DIP TL Lenders' liens and security interests in the DIP TL Collateral or the DIP TL Superpriority Claim to any junior pre- or post-petition lien, interest or claim in favor of any other party. Except as otherwise provided herein with respect to the Professional Fee Carve-Out and the other Carve-Out Expenses, DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and DIP TL Lenders shall not, under any circumstance, be responsible for the direct payment or reimbursement of any fees or disbursements of any Professionals incurred in connection with the Cases under any chapter of the Bankruptcy Code, and nothing in Section 2.4, 2.5 or 2.6 of this Interim Order shall be construed to obligate DIP ABL Agent, or any DIP ABL Lender, DIP TL Agent or any DIP TL Lender in any way, to pay compensation to or to reimburse expenses of any Professional, or to ensure that the Debtors have sufficient funds to pay such compensation or reimbursement.

2.7    <u>Adequate Protection</u>.  As adequate protection for the Junior TL Liens to the extent of any diminution in the value of such interest as a result of the financing contemplated by the DIP TL Agreement, the holders of the Junior TL Liens shall be granted replacement liens in the Collateral junior and subject to the Carveout, the ABL Permitted Liens and Claims, the TL Permitted Liens and Claims and the liens constituting the DIP ABL Collateral and the liens constituting the DIP TL Collateral.

Section 3.    <u>Default; Rights and Remedies; Relief from Stay</u>.

3.1    <u>Events of Default</u>.  The occurrence of any of the following events shall constitute an "***Event of Default***" under this Interim Order:

a.    Any Debtor's failure to perform, in any respect, any of the terms, conditions or  covenants or their obligations under this Interim Order; or

Page:          42
Debtor:        THE NEWARK GROUP, INC.
Case No:       10-27694(NLW)
Caption:       Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
               Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
               364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
               Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
               Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
               Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
               N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
               Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
               merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
               Hearing Pursuant to Bankruptcy Rule 4001

b.      An "Event of Default" under the DIP ABL Loan Agreement, or any of the other DIP ABL Financing Agreements, or the DIP TL Agreement or any of the other DIP TL Documents.

3.2      Rights and Remedies Upon Event of Default.  Upon the occurrence of and during the continuance of an Event of Default, (i) the Debtors shall be bound by all restrictions, prohibitions and other terms as provided in this Interim Order, the DIP ABL Loan Agreement, and the other DIP ABL Financing Agreements, the DIP TL Agreement, and the other DIP TL Documents, (ii) DIP ABL Agent shall be entitled to take any act or exercise any right or remedy (subject to Section 3.4 below) as provided in this Interim Order or any DIP ABL Financing Agreement, including, without limitation, declaring all DIP ABL Obligations immediately due and payable, accelerating the DIP ABL Obligations, ceasing to extend Revolving Loans, or provide or arrange for Letters of Credit on behalf of Debtors, setting off any DIP ABL Obligations with DIP ABL Priority Collateral or proceeds in DIP ABL Agent's possession, and enforcing any and all rights with respect to the DIP ABL Priority Collateral and (iii) DIP TL Agent shall be entitled to take any act or exercise any right or remedy (subject to Section 3.4 below and to the Intercreditor Agreement) as provided in this Interim Order or any DIP TL Document, including, without limitation, declaring all DIP TL Obligations immediately due and payable and accelerating the DIP TL Obligations.  None of DIP ABL Agent, any DIP ABL Lender, DIP TL Agent or any DIP TL Lender shall have any obligation to lend or advance any additional funds to or on behalf of Debtors, or provide any other financial accommodations to Debtors, immediately upon or after the occurrence of an Event of Default or upon the occurrence of any act, event, or condition that, with the giving of notice or the passage of time, or both,

Page:      43
Debtor:    THE NEWARK GROUP, INC.
Case No:   10-27694(NLW)
Caption:   Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
           Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
           364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
           Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
           Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
           Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
           N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
           Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
           merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
           Hearing Pursuant to Bankruptcy Rule 4001

would constitute an Event of Default.

### 3.3 <u>Expiration Termination of Commitments</u>.

3.3.1    Upon the expiration of Debtor Borrowers' authority to borrow and obtain other credit accommodations from DIP ABL Agent and DIP ABL Lenders pursuant to the terms of this Interim Order and the DIP ABL Financing Agreements (except if such authority shall be extended with the prior written consent of DIP ABL Agent, which consent shall not be implied or construed from any action, inaction or acquiescence by DIP ABL Agent or any DIP ABL Lender), unless an Event of Default set forth in Section 3.1 above occurs sooner and the automatic stay has been lifted or modified pursuant to Section 3.4 of this Interim Order, all of the DIP ABL Obligations shall immediately become due and payable and DIP ABL Agent and DIP ABL Lenders shall be automatically and completely relieved from the effect of any stay under Section 362 of the Bankruptcy Code, any other restriction on the enforcement of its liens upon and security interests in the DIP ABL Collateral or any other rights granted to DIP ABL Agent and DIP ABL Lenders pursuant to the terms and conditions of the DIP ABL Financing Agreements or this Interim Order, and DIP ABL Agent, acting on behalf of itself and the other DIP ABL Lenders, shall be and is hereby authorized, in its sole discretion, to take any and all actions and remedies provided to it in this Interim Order, the DIP ABL Financing Agreements, or applicable law, subject to the Intercreditor Agreement, which DIP ABL Agent may deem appropriate and to proceed against and realize upon the DIP ABL Collateral or any other property of the Debtors' Estates.

3.3.2    Upon the termination of the DIP TL Agreement and the DIP TL Documents pursuant to the terms of this Interim Order and the DIP TL Documents (except if

Page:          44
Debtor:        THE NEWARK GROUP, INC.
Case No:       10-27694(NLW)
Caption:       Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
               Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
               364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
               Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
               Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
               Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
               N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
               Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
               merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
               Hearing Pursuant to Bankruptcy Rule 4001

such termination shall be extended with the prior written consent of DIP TL Agent, which

consent shall not be implied or construed from any action, inaction or acquiescence by DIP TL

Agent or any DIP TL Lender), unless an Event of Default set forth in Section 3.1 above occurs

sooner and the automatic stay has been lifted or modified pursuant to Section 3.4 of this Interim

Order, all of the DIP TL Lenders shall automatically and completely relieved from the effect of

any stay under Section 362 of the Bankruptcy Code, any other restriction on the enforcement of

its liens upon and security interests in the DIP TL Collateral or any other rights granted to DIP

TL Agent and DIP TL Lenders pursuant to the terms and conditions of the DIP TL Documents or

this Interim Order, and DIP TL Agent, acting on behalf of itself and the other DIP TL Lenders,

shall be and is hereby authorized, in its sole discretion, to take any and all actions and remedies

provided to it in this Interim Order, the DIP TL Documents, or applicable law, subject to the

Intercreditor Agreement, which DIP TL Agent may deem appropriate and to proceed against and

realize upon the DIP TL Collateral or any other property of the Debtors' Estates.

      3.4    <u>Relief from Automatic Stay</u>.  The automatic stay provisions of Section 362

of the Bankruptcy Code and any other restriction imposed by an order of the Court or applicable

law are hereby modified and vacated without further notice, application or order of the Court to

the extent necessary to permit each of DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and

DIP TL Lenders to perform any act authorized or permitted under or by virtue of this Interim

Order, the DIP ABL Financing Agreements or the DIP TL Documents including, without

limitation, (a) to implement the post-petition DIP ABL Financing arrangements and the DIP

Term Loan arrangements authorized by this Interim Order and pursuant to the terms of the DIP

ABL Financing Agreements and the DIP TL Documents, (b) to take any act to create, validate,

Page:          45
Debtor:        THE NEWARK GROUP, INC.
Case No:       10-27694(NLW)
Caption:       Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
               Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
               364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
               Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
               Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
               Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
               N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
               Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
               merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
               Hearing Pursuant to Bankruptcy Rule 4001

evidence, attach or perfect any lien, security interest, right or claim in the DIP ABL Collateral or

the DIP TL Collateral, and (c) to assess, charge, collect, advance, deduct and receive payments

with respect to the DIP ABL Obligations or the DIP TL Obligations, including, without

limitation, all interests, fees, costs and expenses permitted under the DIP ABL Financing

Agreements or the DIP TL Documents, and apply such payments to the DIP ABL Obligations

and the DIP TL Obligations pursuant to the DIP ABL Financing Agreements, the DIP TL

Documents and this Interim Order.

3.4.1    Without limiting the foregoing, upon the occurrence of an Event of

Default and after providing five (5) business days prior written notice (the "*Enforcement

Notice*") to counsel for the Debtors, counsel for the DIP TL Agent, counsel for the Coalition of

Pre-Petition Notes Purchasers, counsel for the Official Committee (if appointed), and the U.S.

Trustee, DIP ABL Agent, acting on behalf of itself and the other DIP ABL Lenders, shall be

entitled to take any action and exercise all rights and remedies provided to it by this Interim

Order, the DIP ABL Financing Agreements, or applicable law, and subject to the Intercreditor

Agreement, as DIP ABL Agent may deem appropriate in its sole discretion to, among other

things, proceed against and realize upon the DIP ABL Collateral or any other assets or properties

of Debtors' Estates upon which DIP ABL Agent, for the benefit of itself and the other DIP ABL

Lenders, has been or may hereafter be granted liens or security interests to obtain the full and

indefeasible repayment of all DIP ABL Obligations.

3.4.2    Without limiting the foregoing, upon the occurrence of an Event of

Default and after providing an Enforcement Notice to counsel for the Debtors, counsel for the

DIP ABL Agent, counsel for the Coalition of Pre-Petition Notes Purchasers, counsel for the

Page:          46
Debtor:        THE NEWARK GROUP, INC.
Case No:       10-27694(NLW)
Caption:       Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
               Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
               364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
               Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
               Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
               Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
               N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
               Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
               merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
               Hearing Pursuant to Bankruptcy Rule 4001

Official Committee (if appointed), and the U.S. Trustee, DIP TL Agent, acting on behalf of itself

and the other DIP TL Lenders, shall be entitled to take any action and exercise all rights and

remedies provided to it by this Interim Order, the DIP TL Documents or applicable law, and

subject to the Intercreditor Agreement, as DIP TL Agent may deem appropriate in its sole

discretion to, among other things, proceed against and realize upon the DIP TL Collateral or any

other assets or properties of Debtors' Estates upon which DIP TL Agent, for the benefit of itself

and the other DIP TL Lenders, has been or may hereafter be granted liens or security interests to

obtain the full and indefeasible repayment of all DIP TL Obligations.

Section 4.        Representations; Covenants; and Waivers.

            4.1       Objections to Pre-Petition Obligations.    Any action, claim or defense

(hereinafter, an "**Objection**") that seeks to object to, challenge, contest or otherwise invalidate or

reduce, whether by setoff, recoupment, counterclaim, deduction, disgorgement or claim of any

kind: (a) the existence, validity or amount of the Pre-Petition ABL Obligations, (b) the extent,

legality, validity, perfection or enforceability of Existing ABL Agent's and Existing ABL

Lenders' pre-petition liens and security interests in the Pre-Petition ABL Collateral, (c) Existing

ABL Agent's and Existing ABL Lenders' right to apply proceeds received at closing against the

Pre-Petition ABL Obligations in satisfaction of Existing ABL Agent's and Existing Lenders' pre-

petition liens as provided for in this Interim Order, (d) the existence, validity or amount of the

Pre-Petition Notes Obligations, (e) the existence, validity or amount of the Pre-Petition Term

Loan Obligations, or (f) the extent, legality, validity, perfection or enforceability of the Pre-

Petition Term Loan Agent's and the Pre-Petition Term Loan Lenders' pre-petition liens and

security interests in the Pre-Petition Term Loan Collateral shall be filed with the Court within the

Page:        47
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

earlier of (x) by any Official Committee, and no other party, within (60) calendar days from the

date of appointment of the Official Committee by the U.S. Trustee, or (y) in the event no Official

Committee is appointed, within the thirty (30) days following the Petition Date, by any party in

interest with requisite standing within seventy five (75) calendar days from the date of entry of

this Interim Order, or (z) the objection deadline to confirmation of the Joint Plan.  If any such

Objection is timely filed and successfully pursued, nothing in this Interim Order shall prevent the

Court from granting appropriate relief with respect to the Pre-Petition ABL Obligations, and

Existing ABL Agent's and Existing ABL Lenders' liens on the Pre-Petition ABL Collateral, the

Pre-Petition Term Loan Obligations and the Pre-Petition Term Loan Agent's and the Pre-Petition

Term Loan Lenders' liens or the Pre-Petition Term Loan Collateral  If no Objection is timely

filed, or if an Objection is timely filed but denied, (A) each of  the Pre-Petition ABL Obligations

and/or Pre-Petition Term Loan Obligations shall be deemed allowed in full, shall not be subject

to any setoff, recoupment, counterclaim, deduction or claim of any kind, and shall not be subject

to any further objection or challenge by any party at any time, and Existing ABL Agent's and

Existing ABL Lenders' pre-petition liens on and security interest in the Pre-Petition ABL

Collateral and/or the Pre-Petition Term Loan Agent's and Pre-Petition Term Loan Lenders' liens

on and security interests in the Pre-Petition Term Loan Collateral shall be deemed legal, valid,

perfected, enforceable, and non-avoidable for all purposes and of first and senior priority, subject

to only the ABL Permitted Liens and Claims, and the Term Loan Permitted Liens and Claims,

respectively, and (B) Existing ABL Agent, Existing ABL Lenders, Pre-Petition Term Loan

Agent and Pre-Petition Term Loan Lenders and each of their respective participants, agents,

officers, directors, employees, attorneys, professionals, successors, and assigns shall be deemed

Page:        48
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

released and discharged from any and all claims and causes of action related to or arising out of

the Pre-Petition ABL Financing Agreements or the Pre-Petition Term Loan Agreements and

shall not be subject to any further objection or challenge by any party at any time.  Nothing

contained in this Section 4.1 or otherwise shall or shall be deemed or construed to impair,

prejudice or waive any rights, claims or protections afforded to DIP ABL Agent and DIP ABL

Lenders in connection with all Revolving Loans, and Letters of Credit  and other financial and

credit accommodations provided by DIP ABL Agent and DIP ABL Lenders to Debtors in

reliance on Section 364(e) of the Bankruptcy Code and in accordance with the terms and

provisions of this Interim Order and the DIP ABL Financing Agreements.

4.1.1   If and to the extent all or any portion of the Pre-Petition Term

Loan Payoff Amount is required to be returned to the Debtors, such returned amount shall be

deemed to be DIP TL Priority Collateral and shall be remitted to DIP TL Agent for application to

the DIP TL Obligations in accordance with the terms of the DIP TL Agreement and other DIP

TL Documents.

4.1.2   If and to the extent all or any portion of the repayment of the

Prepetition ABL Obligations are required to be returned to the Debtors, such returned amount

shall be deemed to be DIP ABL Priority Collateral and shall be remitted to DIP ABL Agent for

application to the DIP ABL Obligations in accordance with the terms of the DIP ABL

Agreement and other DIP ABL Financing Agreements.

4.2    Debtors' Waivers.  At all times during the Cases, and whether or not an

Event of Default has occurred, the Debtors irrevocably waive any right that they may have to

seek authority (i) to use Cash Collateral of DIP ABL Agent, DIP ABL Lenders, DIP TL Agent

Page:        49
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

and/or DIP TL Lenders under Section 363 of the Bankruptcy Code, (ii) to obtain post-petition

loans or other financial accommodations pursuant to Section 364(c) or 364(d) of the Bankruptcy

Code, other than from DIP ABL Agent and DIP ABL Lenders and the DIP TL Agent and DIP

TL Lenders or as may be otherwise expressly permitted pursuant to the DIP ABL Loan

Agreement and DIP TL Agreement, (iii) to challenge the application of any payments authorized

by this Interim Order pursuant to Section 506(b) of the Bankruptcy Code, to assert that the value

of the Pre-Petition ABL Collateral is less than the Pre-Petition ABL Obligations or to assert that

the value of the Pre-Petition Term Loan Collateral is less than the Pre-Petition Term Loan

Obligations, (iv) to propose, support or have a plan of reorganization or liquidation that does not

provide for the indefeasible payment in cash in full and satisfaction of all DIP ABL Obligations

and DIP TL Obligations on the effective date of such plan in accordance with the terms and

conditions set forth in the DIP ABL Agreement and DIP TL Agreement, respectively, or (v) to

seek relief under the Bankruptcy Code, including without limitation, under Section 105 of the

Bankruptcy Code, to the extent any such relief would (x) in any way restrict or impair the rights

and remedies of any of DIP ABL Agent or the DIP ABL Lenders as provided in this Interim

Order and the DIP ABL Financing Agreements or DIP ABL Agent's and DIP ABL Lenders'

exercise of such rights or remedies or (y) in any way restrict or impair the rights and remedies of

any of DIP TL Agent or the DIP TL Lenders as provided in this Interim Order and the DIP TL

Documents or DIP TL Agent's and DIP TL Lenders' exercise of such rights or remedies;

provided, however, that DIP ABL Agent or DIP TL Agent, as applicable, may otherwise consent

in writing, but no such consent shall be implied from any other action, inaction, or acquiescence

by DIP ABL Agent or any DIP ABL Lender or DIP TL Agent or any DIP TL Lender.

Page:        50
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

4.3    <u>Section 506(c), 552(b) and Other Claims</u>.    Except to the extent of the

Carve-Out Expenses, no costs or expenses of administration which have or may be incurred in

the Cases at any time during the Interim Financing Period (and subject to the entry of a Final

Financing Order, any time after the expiration of the Interim Financing Period) shall be charged

against DIP ABL Agent or any DIP ABL Lender, DIP TL Agent or any DIP TL Lender or their

respective claims or their interests in the Collateral pursuant to Section 506(c), 552(b) or any

other provision of the Bankruptcy Code, or any legal or equitable doctrine (including unjust

enrichment), without the prior written consent of DIP ABL Agent, DIP TL Agent, as applicable,

and no such consent shall be implied from any other action, inaction or acquiescence by DIP

ABL Agent or any DIP ABL Lender, DIP TL Agent or any DIP TL Lender.

4.4    <u>Collateral Rights</u>.

4.4.1    Until all of the DIP ABL Obligations shall have been indefeasibly

paid and satisfied in full:

(1)    no other party shall foreclose or otherwise seek to enforce any

junior lien or claim in any DIP ABL Priority Collateral; and

(2)    upon and after the occurrence of an Event of Default, and subject

to DIP ABL Agent obtaining relief from the automatic stay as provided for herein and subject to

the terms of the Intercreditor Agreement, in connection with a liquidation of any of the DIP ABL

Priority Collateral, DIP ABL Agent (or any of its employees, consultants, contractors or other

professionals) shall have the right to: (i) enter upon, occupy and use any real or personal

property, fixtures, equipment, leasehold interests or warehouse arrangements owned or leased by

Debtors, including, without limitation, the TL Priority Collateral, and (ii) use any and all

Page:        51
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

trademarks, tradenames, copyrights, licenses, patents or any other similar assets of Debtors,

which are owned by or subject to a lien of any third party, including without limitation, the TL

Priority Collateral, and which are used by Debtors in their businesses, provided, however, DIP

ABL Agent and DIP ABL Lenders will be responsible, except to the extent otherwise provided

in the Intercreditor Agreement, for the payment of any applicable fees, rentals, royalties or other

amounts due such lessor, licensor or owner of such property for the period of time that DIP ABL

Agent actually uses the equipment or the intellectual property (but in no event for any accrued

and unpaid fees, rentals or other amounts due for any period prior to the date that DIP ABL

Agent actually occupies or uses such assets or properties).

       4.4.2   Until all of the DIP TL Obligations shall have been indefeasibly

paid and satisfied in full no other party shall foreclose or otherwise seek to enforce any junior

lien or claim in any DIP TL Priority Collateral.

       4.5   <u>Release</u>.  Subject to Section 4.1 above, in consideration of DIP ABL

Agent and DIP ABL Lenders making post-petition loans, advances and providing other credit

and financial accommodations to the Debtors pursuant to the provisions of the DIP ABL

Financing Agreements and this Interim Order, (a) each Debtor, on behalf of itself and its

successors and assigns, (collectively, the "***Releasors***"), shall, forever release, discharge and

acquit (i) Existing ABL Agent, each Existing ABL Lender and their respective participants,

officers, directors, agents, attorneys and predecessors-in-interest (collectively, the "***ABL***

***Releasees***") of and from any and all claims, demands, liabilities, responsibilities, disputes,

remedies, causes of action, indebtedness and obligations, of every kind, nature and description,

including, without limitation, any so-called "lender liability" claims or defenses, that Releasors

Page:        52
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

had, have or hereafter can or may have against ABL Releasees as of the date hereof, in respect of

events that occurred on or prior to the date hereof with respect to the Debtors, the Pre-Petition

ABL Obligations, the Existing ABL Financing Agreements and any Revolving Loans, Letters of

Credit or other financial accommodations made by Existing ABL Agent and Existing ABL

Lenders to Debtors pursuant to the Existing ABL Financing Agreements, and (ii) Pre-Petition

Term Loan Agent, each Existing Pre-Petition Term Loan Lender and their respective

participants, officers, directors, agents, attorneys and predecessors-in-interest (collectively, the

"***Pre-Petition Term Loan Releasees***") of and from any and all claims, demands, liabilities,

responsibilities, disputes, remedies, causes of action, indebtedness and obligations, of every kind,

nature and description, including, without limitation, any so-called "lender liability" claims or

defenses, that Releasors had, have or hereafter can or may have against Pre-Petition Term Loan

Releasees as of the date hereof, in respect of events that occurred on or prior to the date hereof

with respect to the Debtors, the Pre-Petition Term Loan Obligations, the Pre-Petition Term Loan

Agreements and any term loans, letters of credit or other financial accommodations made by Pre-

Petition Term Loan Agent and Pre-Petition Term Loan Lenders to Debtors pursuant to the Pre-

Petition Term Loan Agreements, (b) upon the repayment of all DIP ABL Obligations owed to

DIP ABL Agent and DIP ABL Lenders by Debtors and termination of the rights and obligations

arising under the DIP ABL Financing Agreements and either a Final Financing Order or

extended Interim Order, as the case may be (which payment and termination shall be on terms

and conditions acceptable to DIP ABL Agent), DIP ABL Agent and DIP ABL Lender shall be

released from any and all liabilities, actions, duties, responsibilities and causes of action arising

or occurring in connection with or related to the DIP ABL Financing Agreements or the

Page:        53
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

applicable Financing Order (including without limitation any obligation or responsibility

(whether direct or indirect, absolute or contingent, due or not due, primary or secondary,

liquidated or unliquidated) to pay or otherwise fund the Carve-Out Expenses), on terms and

conditions acceptable to DIP ABL Agent, and (c) upon the repayment of all DIP TL Obligations

in full in cash and termination of the obligations arising of DIP TL Agent and DIP TL Lenders

under the DIP TL Documents and this Interim Order (or any other applicable order of this court),

as the case may be (which payment and termination shall be on terms and conditions acceptable

to DIP TL Agent), DIP TL Agent and DIP TL Lenders shall be released from any and all

liabilities, actions, duties, responsibilities and causes of action arising or occurring in connection

with or related to the DIP TL Agreement and any other DIP TL Documents and the applicable

orders (including without limitation any obligation or responsibility (whether direct or indirect,

absolute or contingent, due or not due, primary or secondary, liquidated or unliquidated) to pay

or otherwise fund the Carve-Out Expenses), on terms and conditions acceptable to DIP TL

Agent.

Section 5.        Other Rights and Obligations.

                  5.1    No Modification or Stay of This Interim Order.  Notwithstanding (i) any

stay, modification, amendment, supplement, vacating, revocation or reversal of this Interim

Order, the DIP ABL Financing Agreements, the DIP TL Documents or any term hereunder or

thereunder, (ii) the failure to obtain an order approving the Motion at the Final Hearing (the

***"Final DIP Financing Order"***) pursuant to Bankruptcy Rule 4001(c)(2), or (iii) the dismissal or

conversion of one or more of the Cases (each, a "***Subject Event***"), (x) the acts taken by each of

DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and DIP TL Lenders in accordance with this

Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001

Interim Order, and (y) the DIP ABL Loans and the loans made by the DIP TL Lenders incurred or arising prior to DIP ABL Agent's and DIP TL Agent's actual receipt of written notice from Debtors expressly describing the occurrence of such Subject Event shall, in each instance, be governed in all respects by the original provisions of this Interim Order, and the acts taken by each of DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and DIP TL Lenders respectively, in accordance with this Interim Order, and the liens granted to DIP ABL Agent and DIP ABL Lenders in the DIP ABL Collateral, and to DIP TL Agent and DIP TL Lenders in the DIP TL Collateral and all other rights, remedies, privileges, and benefits in favor of DIP ABL Agent, on behalf of itself and the other Secured Parties (as defined in the DIP ABL Loan Agreement), including the Issuing Bank, DIP ABL Lenders, DIP TL Agent and DIP TL Lenders pursuant to this Interim Order, the DIP ABL Financing Agreements, and the DIP TL Documents shall remain valid and in full force and effect pursuant to Section 364(e) of the Bankruptcy Code.  For purposes of this Interim Order, the term "appeal", as used in Section 364(e) of the Bankruptcy Code, shall be construed to mean any proceeding for reconsideration, amending, rehearing, or re-evaluating this Interim Order by this Court or any other tribunal.

        5.2    Power to Waive Rights; Duties to Third Parties.  DIP ABL Agent and the DIP TL Lenders shall have the right to waive any of the terms, rights and remedies provided or acknowledged in this Interim Order in respect of DIP ABL Agent and DIP ABL Lenders (the "**DIP ABL Lender Rights**"), and shall have no obligation or duty to any other party with respect to the exercise or enforcement, or failure to exercise or enforce, any DIP ABL Lender Right(s). DIP TL Agent and DIP TL Lenders shall have the right to waive any of the terms, rights and remedies provided or acknowledged in this Interim Order in respect of DIP TL Agent and DIP

Page:        55
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

TL Lenders (the **"DIP TL Lender Rights"**) and shall have no obligation or duty to any other

party with respect to the exercise of enforcement, or failure to exercise or enforce, any DIP TL

Lender Right(s).  Any waiver by DIP ABL Agent or any DIP ABL Lender of any DIP ABL

Lender Rights or by DIP TL Agent or any DIP TL Lender of any DIP TL Rights shall not be or

constitute a continuing waiver.  Any delay in or failure to exercise or enforce any DIP ABL

Lender Right or DIP TL Right shall neither constitute a waiver of such DIP ABL Lender Right

or DIP TL Right, subject DIP ABL Agent, any DIP ABL Lender, DIP TL Agent or any DIP TL

Lender to any liability to any other party, nor cause or enable any other party to rely upon or in

any way seek to assert as a defense to any obligation owed by the Debtors to DIP ABL Agent or

any DIP ABL Lender or DIP TL Agent or any DIP TL Lender.

        5.3     <u>Disposition of Collateral</u>.  Debtors shall not sell, transfer, lease, encumber

or otherwise dispose of any portion of the DIP ABL Priority Collateral or the DIP TL Priority

Collateral, outside the ordinary course of business unless such action is authorized by an order of

this Court.  Debtors shall remit to DIP ABL Agent or cause to be remitted to DIP ABL Agent, all

proceeds of the DIP ABL Priority Collateral for application by DIP ABL Agent to the DIP ABL

Loans, in such order and manner as DIP ABL Agent may determine in its discretion, in

accordance with the terms of this Interim Order, the DIP ABL Loan Agreement, and the other

DIP ABL Financing Agreements.  Debtors shall remit to DIP TL Agent, or cause to be remitted

to DIP TL Agent, all proceeds of DIP TL Priority Collateral for such application by DIP TL

Agent to the DIP TL Loans, in such order and manner as DIP TL Agent may determine in its

discretion in accordance with the terms of this Interim Order, the DIP TL Agreement and the

other DIP TL Documents.

| | |
|---|---|
| Page: | 56 |
| Debtor: | THE NEWARK GROUP, INC. |
| Case No: | 10-27694(NLW) |
| Caption: | Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D) Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 |

5.4    <u>Inventory</u>.  Debtors shall not, without the consent of DIP ABL Agent (and subject to the Intercreditor Agreement, the DIP TL Agent), (a) enter into any agreement to return any inventory to any of their creditors for application against any pre-petition indebtedness under any applicable provision of Section 546 of the Bankruptcy Code, or (b) consent to any creditor taking any setoff against any of its pre-petition indebtedness based upon any such return pursuant to Section 553(b)(1) of the Bankruptcy Code or otherwise.

5.5    <u>Reservation of Rights</u>.    The terms, conditions and provisions of this Interim Order are in addition to and without prejudice to the rights of each of DIP ABL Agent and DIP ABL Lenders, or DIP TL Agent or any DIP TL Lender, subject to each of their respective rights as set forth in the Intercreditor Agreement and to pursue any and all rights and remedies under the Bankruptcy Code, the DIP ABL Financing Agreements, the DIP TL Documents or this Interim Order, as applicable, or any other applicable agreement or law, including, without limitation, rights to seek adequate protection and/or additional or different adequate protection, to seek relief from the automatic stay, to seek an injunction, to oppose any request for use of cash, DIP ABL Collateral, DIP TL Collateral or granting of any interest in the DIP ABL Collateral or the DIP TL Collateral or priority in favor of any other party, to object to any sale of assets, and to object to applications for allowance and/or payment of compensation of Professionals or other parties seeking compensation or reimbursement from the Estate, provided, however, so long as no Event of Default exists, DIP ABL Agent and DIP ABL Lenders, or DIP TL Agent or any DIP TL Lender shall not take any action to seek relief from the automatic stay, to convert or dismiss the case.

5.6    <u>Binding Effect</u>.

Page:          57
Debtor:        THE NEWARK GROUP, INC.
Case No:       10-27694(NLW)
Caption:       Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
               Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
               364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
               Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
               Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
               Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
               N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
               Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
               merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
               Hearing Pursuant to Bankruptcy Rule 4001

5.6.1    The provisions of this Interim Order and the DIP ABL Financing
Agreements, the DIP ABL Loans, DIP ABL Superpriority Claim, the DIP TL Documents, the
DIP TL Superpriority Claim, and any and all rights, remedies, privileges and benefits in favor of
each of DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and DIP TL Lenders provided or
acknowledged in this Interim Order, and any actions taken pursuant thereto, shall be effective
immediately upon entry of this Interim Order pursuant to Bankruptcy Rules 6004(g) and 7062,
shall continue in full force and effect, and shall survive entry of any such other order, including
without limitation, any order which may be entered confirming any plan of reorganization,
converting one or more of the Cases to any other chapter under the Bankruptcy Code, or
dismissing one or more of the Cases.

5.6.2    Any order dismissing one or more of the Cases under Section 1112
or otherwise shall be deemed to provide (in accordance with Sections 105 and 349 of the
Bankruptcy Code) that (a) (i) the DIP ABL Superpriority Claim and DIP ABL Agent's and DIP
ABL Lender' liens on and security in the DIP ABL Collateral, and (ii) the DIP TL Superpriority
Claim and the DIP TL Agent's and the DIP TL Lenders' liens on and security interests in the
DIP TL Collateral shall continue in full force and effect notwithstanding such dismissal until the
DIP ABL Obligations and the DIP TL Obligations, respectively, are indefeasibly paid and
satisfied in full in cash, and (b) this Court shall retain jurisdiction, notwithstanding such
dismissal, for the purposes of enforcing each of the DIP ABL Superpriority Claim, the liens in
the DIP ABL Collateral, the DIP TL Superpriority Claim and the liens in the DIP TL Collateral.

5.6.3    In the event this Court modifies any of the provisions of this
Interim Order, the DIP ABL Financing Agreements or the DIP TL Documents following a Final

Page:        58
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

Hearing, (a) such modifications shall not affect the rights or priorities of each DIP ABL Agent and DIP ABL Lenders pursuant to this Interim Order with respect to the DIP ABL Collateral and the DIP TL Agent and DIP TL Lenders with respect to the DIP TL Agent's liens in the DIP TL Collateral or any portion of the DIP ABL Obligations and the DIP TL Obligations which arises or is incurred or is advanced prior to such modifications, and (b) this Interim Order shall remain in full force and effect except as specifically amended or modified at such Final Hearing.

5.6.4   This Interim Order shall be binding upon Debtors, all parties in interest in the Cases and their respective successors and assigns, including any trustee or other fiduciary appointed in the Cases or any subsequently converted bankruptcy case(s) of any Debtor.  This Interim Order shall also inure to the benefit of DIP ABL Agent and DIP ABL Lenders, DIP TL Agent and DIP TL Lenders, Debtors and their respective successors and assigns.

5.7   <u>Restrictions on Cash Collateral Use, Additional DIP ABL Financing, Plan Treatment</u>.  All post-petition advances and other financial accommodations under the DIP ABL Loan Agreement, the other DIP ABL Financing Agreements, the DIP TL Agreement and the other DIP TL Documents are made in reliance on this Interim Order and there shall not at any time be entered in the Cases or in any subsequently converted case under Chapter 7 of the Bankruptcy Code, any order (other than the Final DIP Financing Order) which (a) authorizes the use of cash collateral of Debtors in which DIP ABL Agent, DIP ABL Lenders, DIP TL Agent or DIP TL Lenders have an interest, or the sale, lease, or other disposition of property of any Debtor's Estate in which DIP ABL Agent, DIP ABL Lenders, DIP TL Agent or DIP TL Lenders have a lien or security interest, except as expressly permitted hereunder or in the DIP ABL

Page:        59
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

Financing Agreements or the DIP TL Documents, or (b) authorizes under Section 364 of the

Bankruptcy Code the obtaining of credit or the incurring of indebtedness secured by a lien or

security interest, which is equal or senior to a lien or security interest in property in which DIP

ABL Agent, DIP ABL Lenders, DIP TL Agent or DIP TL Lenders hold a lien or security

interest, or which is entitled to priority administrative claim status which is equal or superior to

that granted to DIP ABL Agent, DIP ABL Lenders, DIP TL Agent or DIP TL Lenders herein;

unless, in each instance (i) DIP ABL Agent and DIP TL Agent shall have given its express prior

written consent with respect thereto, no such consent being implied from any other action,

inaction or acquiescence by DIP ABL Agent, any DIP ABL Lender, DIP TL Agent or DIP TL

Lenders or (ii) such other order requires that all DIP ABL Obligations shall first be indefeasibly

paid and satisfied in full in accordance with the terms of the DIP ABL Loan Agreement, and the

other DIP ABL Financing Agreements, including, without limitation, all debts and obligations of

Debtors to DIP ABL Agent and DIP ABL Lenders which arise or result from the obligations,

loans, security interests and liens authorized herein, on terms and conditions acceptable to DIP

ABL Agent.  The security interests and liens granted to or for the benefit of each of DIP ABL

Agent and DIP ABL Lenders, DIP TL Agent and DIP TL Lenders hereunder and the rights of

DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and DIP TL Lenders pursuant to this Interim

Order and the DIP ABL Financing Agreements with respect to the DIP ABL Obligations and the

DIP ABL Priority Collateral and the DIP TL Documents with respect to the DIP TL Obligations

and the DIP TL Priority Collateral are cumulative and shall not be altered, modified, extended,

impaired, or affected by any plan of reorganization or liquidation of Debtors and, if DIP ABL

Agent or DIP TL Agent shall expressly consent in writing that the DIP ABL Obligations or the

Page:        60
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
             Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
             364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
             Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
             Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
             Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
             N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
             Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
             merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
             Hearing Pursuant to Bankruptcy Rule 4001

DIP TL Obligations, respectively, shall not be repaid in full in cash upon confirmation thereof,

shall continue after confirmation and consummation of any such plan.

       5.8    No Owner/Operator Liability.  In determining to make any loan under the

DIP ABL Loan Agreement, the other DIP ABL Financing Agreements, the DIP TL Agreement,

the DIP TL Documents or any Financing Order, or in exercising any rights or remedies as and

when permitted pursuant to the DIP ABL Financing Agreements, DIP TL Documents or any

Financing Order, each of DIP ABL Agent, DIP ABL Lenders, DIP TL Agent and DIP TL

Lenders shall not be deemed to be in control of the operations of the Debtors or to be acting as a

"responsible person" or "owner or operator" with respect to the operation or management of the

Debtors (as such terms, or any similar terms, are used in the United States Comprehensive

Environmental Response, Compensation and Liability Act, 29 U.S.C. §§ 9601 et seq., as

amended, or any similar federal or state statute).

       5.9    Marshalling.  In no event shall DIP ABL Agent, any DIP ABL Lender,

DIP TL Agent, any DIP TL Lender or any Collateral be subject to the equitable doctrine of

"marshalling" or any similar doctrine.

       5.10    Term; Termination.  Notwithstanding any provision of this Interim Order

to the contrary, the term of the DIP ABL financing arrangements among Debtors, DIP ABL

Agent and DIP ABL Lenders authorized by this Interim Order may be terminated pursuant to the

terms of the DIP ABL Agreement.  Notwithstanding any provision of this Interim Order to the

contrary, the term of the financing arrangements among Debtors, DIP TL Agent and DIP TL

Lenders authorized by this Interim Order may be terminated pursuant to the terms of the DIP TL

Agreement.

Page:          61
Debtor:        THE NEWARK GROUP, INC.
Case No:       10-27694(NLW)
Caption:       Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
               Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
               364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
               Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
               Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
               Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
               N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
               Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
               merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
               Hearing Pursuant to Bankruptcy Rule 4001

5.11    Limited Effect.  Unless the Interim Order specifically provides otherwise, in the event of a conflict between the terms and provisions of any of the DIP ABL Financing Agreements or the DIP TL Documents and this Interim Order, the terms and provisions of this Interim Order shall govern, interpreted as most consistent with the terms and provisions of the DIP ABL Financing Agreements and the DIP TL Documents.

5.12    Objections Overruled.  All objections to the entry of this Interim Order are, to the extent not withdrawn, hereby overruled.

Section 6.    Final Hearing and Response Dates.  The Final Hearing on the Motion pursuant to Bankruptcy Rule 4001(c)(2) is scheduled for June 30, 2010 at 10:00 AM before this Court (the "*Final Hearing*").  *The Debtors shall promptly mail copies of this Interim Order to, (a) the Noticed Parties,(b) to any other party that has filed a request for notices with this Court and to any Official Committee after same has been appointed, or Official Committee's counsel, if same shall have filed a request for notice.  Any party in interest objecting to the relief sought at the Final Hearing shall serve and file written objections, which objections shall be served upon (a) counsel for the Debtors, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068; Attn: Kenneth A. Rosen, Esq., Fax: (973) 597-2549; (b) counsel for the DIP ABL Agent, Duane, Morris & Heckscher, LLP, 744 Broad Street, Suite 1200, Newark, New Jersey 07102; Attn: William Katchen, Esq., Fax: (973) 424-2100; and Otterbourg, Steindler, Houston & Rosen, P.C., 230 Park Avenue, New York, New York 10169-0075; Attn: Andrew M. Kramer, Esq., Fax: (212) 682-6104; (c) counsel to the DIP TL Agent, Gibbon P.C., One Gateway Center, Newark, New Jersey 07102, Attn: Karen Giannelli, Esq., Fax: (973) 639-6278; and Goldberg Kohn Ltd.,*

Page:        62
Debtor:      THE NEWARK GROUP, INC.
Case No:     10-27694(NLW)
Caption:     Interim Order (A) Authorizing Debtors to Obtain Interim Post-Petition Financing and Grant
Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105,
364(c) and (d); (B) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (C) Authorizing
Debtors to Enter into DIP ABL Agreements with Wells Fargo Bank, N.A., as Agent; (D)
Authorizing Debtors to Enter into DIP Term Loan Agreements with ORIX Finance Corp., as
Agent (E) Authorizing Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank,
N.A., as successor by merger to Wachovia Bank, N.A. as Existing ABL Agent; (F) Authorizing
Repayment of Pre-Petition Secured Debt Owing to Wells Fargo Bank, N.A., as successor by
merger to Wachovia Bank, N.A. as Existing Term Loan Agent; and (G) Scheduling a Final
Hearing Pursuant to Bankruptcy Rule 4001

*55 East Monroe Street, Suite 3300, Chicago, Illinois 6060, Attn: Randall Klein, Esq., Fax (312)*

*863-7474; (d) and counsel to Coalition of Prepetition Noteholders, Milbank, Tweed, Hadley &*

*McCloy, LLP, One Chase Manhattan Plaza; Attn: Debra Alligood White, Esq., Fax: (202) 835-*

*7586; and Michael E. Comerford, Esq., Fax: (212) 822-5318;(e) counsel to the Term Loan*

*Agent, (f) counsel to any Official Committee; and (g) the U.S. Trustee; and shall be filed with the*

*Clerk of the United States Bankruptcy Court for the District of New Jersey, in each case, to*

*allow actual receipt of the foregoing no later than* $\underline{\hspace{0.3cm}\text{June 25, 2010}\hspace{0.3cm}}$*, prevailing Eastern time.*

## EXHIBIT A

**Budget**

**THE NEWARK GROUP, INC.**
**WEEKLY CASH FLOW FORECAST**

| ($ thousands) | Week: # 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | W 1-13 Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 13 Week Cash Flow Forecast | | | | | | | | |
| | 11-Jun-10 | 18-Jun-10 | 25-Jun-10 | 02-Jul-10 | 09-Jul-10 | 16-Jul-10 | 23-Jul-10 | 30-Jul-10 | 06-Aug-10 | 13-Aug-10 | 20-Aug-10 | 27-Aug-10 | 03-Sep-10 | Total |
| Receipts: | | | | | | | | | | | | | | |
| Trade Receipts | $ 11,667 | $ 13,360 | $ 13,710 | $ 13,129 | $ 12,770 | $ 12,504 | $ 12,924 | $ 13,742 | $ 10,738 | $ 11,730 | $ 12,306 | $ 11,438 | $ 13,000 | $ 163,018 |
| Receipts from Foreign Operations | - | 250 | - | 250 | - | 250 | - | 250 | 250 | 250 | 250 | 250 | 250 | 2,250 |
| Total Receipts | 11,667 | 13,610 | 13,710 | 13,379 | 12,770 | 12,754 | 12,924 | 13,992 | 10,988 | 11,980 | 12,556 | 11,688 | 13,250 | 165,268 |
| Disbursements: | | | | | | | | | | | | | | |
| Payroll (including taxes) | 1,340 | 2,756 | 1,090 | 2,756 | 1,090 | 2,756 | 1,090 | 2,756 | 1,090 | 2,756 | 1,090 | 1,090 | 2,756 | 24,413 |
| Utilities | 2,100 | 1,400 | 1,400 | 1,400 | 1,400 | 1,400 | 1,400 | 1,400 | - | 1,400 | 1,400 | 1,400 | 1,400 | 18,900 |
| Utilities - Deposit | - | 1,450 | 1,450 | - | - | - | - | - | - | (2,900) | - | - | - | - |
| Freight | 1,000 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 15,400 |
| Waste Paper | 4,484 | 6,148 | 5,282 | 4,569 | 4,361 | 4,355 | 4,414 | 4,778 | 3,721 | 4,057 | 5,252 | 2,957 | 4,486 | 58,864 |
| General AP | 3,100 | 3,100 | 2,700 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 2,100 | 29,900 |
| Insurance-Medical | 1,250 | - | 250 | 510 | 510 | 510 | 510 | 510 | 510 | 510 | 510 | 510 | 510 | 6,600 |
| Rent | 147 | 105 | 105 | 220 | 105 | 105 | 105 | 220 | 220 | 105 | 105 | 220 | 105 | 1,867 |
| Insurance-Business | - | 58 | - | - | 275 | - | - | - | 412 | - | - | - | 275 | 1,021 |
| Taxes | 40 | 88 | 1 | 39 | 35 | 242 | 171 | 18 | 161 | 167 | 178 | 27 | - | 1,167 |
| Employees T & E | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 15 | 195 |
| Subtotal- Operations | 13,476 | 16,320 | 13,493 | 12,809 | 11,091 | 12,683 | 11,004 | 12,997 | 10,828 | 9,410 | 11,849 | 9,519 | 12,848 | 158,326 |
| Interest Paid | 256 | - | - | 850 | - | - | - | - | 1,251 | - | - | - | 1,248 | 3,605 |
| Debt Principal Payments / (Drawdowns) | 73,735 | - | - | - | - | - | - | - | - | - | - | - | - | 73,735 |
| DIP / Exit Term Loan Drawdown | (110,000) | - | - | - | - | - | - | - | - | - | - | - | - | (110,000) |
| Pension Contribution | - | | | | | | | | | | | | | - |
| 401(k) | 464 | - | - | - | - | 448 | 35 | - | - | - | 544 | - | - | 1,491 |
| ESOP Funding | - | | | | | | | | | | | | | - |
| Commodity Hedges | - | | | | | | | | | | | | | - |
| Financing Fees | 5,000 | - | - | 25 | - | - | - | 25 | - | - | - | - | 25 | 5,075 |
| Restructuring Professional Fees | 1,056 | 300 | - | 550 | - | - | - | 1,270 | - | - | - | 2,590 | - | 5,766 |
| Other | - | - | 29 | - | - | - | 29 | - | - | - | - | 29 | - | 87 |
| Total Disbursements | (16,013) | 16,620 | 13,522 | 14,234 | 11,091 | 13,131 | 11,068 | 14,292 | 12,079 | 9,410 | 12,393 | 12,138 | 14,121 | 138,085 |
| Net Cash Flow | $ 27,680 | $ (3,010) | $ 189 | $ (855) | $ 1,679 | $ (378) | $ 1,856 | $ (300) | $ (1,091) | $ 2,571 | $ 163 | $ (450) | $ (871) | $ 27,183 |
| **AVAILABILITY** | | | | | | | | | | | | | | |
| Beginning ABL Balance | 28,583 | 903 | 3,913 | 3,724 | 4,580 | 2,900 | 3,278 | 1,422 | 1,722 | 2,813 | 242 | 79 | 529 | 28,583 |
| Net Increase / (Decrease) | (27,680) | 3,010 | (189) | 855 | (1,679) | 378 | (1,856) | 300 | 1,091 | (2,571) | (163) | 450 | 871 | (27,183) |
| Net Outstanding ABL Balance | 903 | 3,913 | 3,724 | 4,580 | 2,900 | 3,278 | 1,422 | 1,722 | 2,813 | 242 | 79 | 529 | 1,400 | 1,400 |
| LC's Outstanding | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 | 9,172 |
| Swap Exposure | - | | | | | | | | | | | | | - |
| Dutch Revolving Loans | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 | 12,398 |
| Total Borrowing | 22,473 | 25,483 | 25,294 | 26,150 | 24,470 | 24,848 | 22,992 | 23,292 | 24,383 | 21,812 | 21,649 | 22,099 | 22,970 | 22,970 |
| ABL Borrowing Availability | $ 27,527 | $ 24,517 | $ 24,706 | $ 23,850 | $ 25,530 | $ 25,152 | $ 27,008 | $ 26,708 | $ 27,849 | $ 30,246 | $ 30,390 | $ 29,822 | $ 29,078 | $ 29,078 |
| Availability Block | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) | (3,000) |
| Professional Fee Carveout | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | (2,000) | - | - | - | - | - | - |
| Borrowing Availability | $ 22,527 | $ 19,517 | $ 19,706 | $ 18,850 | $ 20,530 | $ 20,152 | $ 22,008 | $ 21,708 | $ 24,849 | $ 27,246 | $ 27,390 | $ 26,822 | $ 26,078 | $ 26,078 |

CONFIDENTIAL
SUBJECT TO CHANGE

*Approved by Judge Novalyn L. Winfield June 10, 2010*